## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

———————————————————

JANE DOE 1 and JANE DOE 2, on
behalf of themselves and all others
similarly situated,

                Plaintiffs,

v.

WORKIT HEALTH, INC.,

                Defendant.

Case No. 2:23-CV-11691-LVP-DRG

Hon. Linda V. Parker
Magistrate Judge David R. Grand

---

## PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Jane Doe 1 and Jane Doe 2, on behalf of themselves and all others similarly situated, respectfully move this Court for entry of an order: (i) conditionally certifying the Class solely for the purpose of settlement; (ii) preliminarily approving the Settlement Agreement (attached as **Exhibit 1**) reached in this case; (iii) directing notice to the Class; (iv) scheduling a Fairness Hearing for approval of the Settlement; and (v) appointing Class Counsel and Class Representatives. In support of this motion, Plaintiffs state as follows:

1.     On July 14, 2023, Plaintiffs commenced this putative class action lawsuit by filing a complaint against Defendant Workit Health, Inc. (hereinafter, "Defendant"), alleging the unlawful disclosure of certain personal or health-related

information through the implementation and usage of third-party tracking technologies such as the Meta Pixel and Google Analytics.

2.      In an effort to avoid the time, risk, and expense of further litigation, the Parties engaged in settlement discussions to determine whether a resolution of the case could be reached. To that end, Plaintiffs and Defendant agreed to participate in mediation with independent neutral mediator Bruce Friedman (JAMS). On March 21, 2024, Plaintiffs and Defendant participated in a full-day, in person mediation and reached agreement on the material terms of a settlement that would resolve all claims in this case subject to class settlement approval by the Court after notice to the Settlement Class. (**Ex. 2-** Coulson Decl., ¶¶10-18). [1]

3.      Based upon their investigation and evaluation of the facts and law relating to the matters alleged in the action, Plaintiffs (on behalf of themselves and the proposed Class) and Class Counsel have agreed to settle the lawsuit, pursuant to the terms of the Settlement Agreement.

4.      The terms of the proposed settlement are fully set forth in the Settlement Agreement. (**Ex. 1**). Defendant has agreed to create a non-reversionary common fund valued at $578,680.00 from which direct monetary payment will be

---

[1] The Declaration of Nicholas A. Coulson is attached herewith and is referenced throughout as "Ex. 2- Coulson Decl."

allocated to class members pursuant to the procedures outlined in the Settlement

Agreement. (*Id*. at 9).

5.      The Parties have agreed to a Class, for purposes of the Settlement only,

consisting of the following:

> All persons in the United States who used Defendant's Website or Application (both web-based and mobile) to search for medical information, services or physicians, fill out forms, schedule appointments, sign-up for membership, register for programs or support groups, or pay for medical services between June 1, 2017 and November 23, 2022.

> Excluded from the Settlement Class are: (i) Defendant, any entity in which Defendant has a controlling interest, and Defendant's affiliates, parents, subsidiaries, officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly excludes themselves from the Settlement.

(*Id*., pg. 8, §ll).

6.      As part of the proposed Settlement Agreement, the Parties have agreed

to the appointment of David S. Almeida of Almeida Law Group LLC and Nicholas

A. Coulson of Coulson P.C. as Class Counsel and the appointment of Plaintiffs as

the Class Representatives. (**Ex. 1**, pg 4, § 11(f)).

7.      The proposed Settlement was reached in good faith and further to arms'

length negotiations and without any undue influence. Each side has zealously

represented its interests. (**Ex. 2,** Coulson Decl., ¶¶13-14).

8.    The proposed Settlement was achieved by counsel experienced in similar privacy-related class action litigation.

9.    To effectuate the Settlement, the parties request that the Court enter an Order:

a. Conditionally certifying this case for settlement purposes only as a class action pursuant to Federal Rule 23;

b. Defining the Class as defined herein;

c. Appointing David S. Almeida and Nicholas A. Coulson as Class Counsel;

d. Appointing Plaintiffs as the Class Representatives;

e. Approving the Class Notices attached as Exhibit B and C to the Settlement Agreement and the manner of providing the Class Notice as being in compliance with Federal Rule 23(e);

f. Approving the Claim Form attached as Exhibit A to the Settlement Agreement which will be submitted with the Class Notice via first class mail to the Class;

g. Preliminarily approving the Settlement Agreement as fair, reasonable, and adequate; and

h. Scheduling a Fairness Hearing to hear any objections from Settlement Class members and to consider final approval of the proposed Settlement.

10. A proposed Preliminary Approval Order is attached as **Exhibit D**.

**WHEREFORE,** Plaintiffs, on behalf of themselves and the proposed Class, respectfully request that this Honorable Court to (i) grant this Motion, (ii) enter the proposed Preliminary Approval Order (**Exhibit D** to the Settlement Agreement) and (iii) award all such other relief as is equitable and just.

Dated: September 6, 2024

Respectfully Submitted,

/s/ Nicholas A. Coulson
Nicholas A. Coulson
**LIDDLE SHEETS COULSON P.C.**
975 E. Jefferson Avenue
Detroit, MI 48207
(313) 392-0015
ncoulson@lsccounsel.com

David S. Almeida
**ALMEIDA LAW GROUP LLC**
894 W. Webster Avenue
Chicago, Illinois 60614
T: (312) 576-3024
david@almeidalawgroup.com

*Attorneys for Plaintiffs & the Proposed Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

—————————————————————

JANE DOE 1 and JANE DOE 2, on
behalf of themselves and all others
similarly situated,

                                      Case No. 2:23-CV-11691-LVP-DRG

            Plaintiffs,

v.

                                        Hon. Linda V. Parker
                                        Magistrate Judge David R. Grand

WORKIT HEALTH, INC.,

            Defendant.

———————————————————————————————————

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR PRELMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**TABLE OF CONTENTS**

INTRODUCTION ........................................................... 1

BACKGROUND ............................................................ 2

   A.   Description of Plaintiffs' Claims .............................. 2

   B.   Summary of the Litigation ...................................... 3

   C.   Terms of the Proposed Settlement ............................ 4

LEGAL STANDARD ...................................................... 7

ARGUMENT ............................................................... 9

I.   THE COURT SHOULD CERTIFY THE PROPOSED CLASS FOR
SETTLEMENT PURPOSES ............................................. 9

   A.   The Numerosity Requirement is Satisfied. .................. 9

   B.   There Are Questions of Law or Fact Common to the Class. ...................10

   C.   The Claims of the Named Plaintiffs are Typical of the Claims of the Class
Members .........................................................................11

   D.   Plaintiffs and Class Counsel Satisfy the Adequacy of Representation
Requirement. ....................................................................12

   E.   The Proposed Settlement Class is Ascertainable. .......................13

   F.   The Requirements of Rule 23(b)(3) Are Also Satisfied. ...........................14

      1.   Common Questions of Fact and Law Predominate. ...............14

      2.   A Class Action is the Superior Method for the Fair and Effective
Adjudication of This Controversy. .................................15

II.   THE COURT WILL LIKELY BE ABLE TO APPROVE THE PROPOSED
SETTLEMENT AS FAIR, REASONABLE AND ADEQUATE .........................16

A.      The Class Representatives and Class Counsel have Adequately Represented the Class...........................................................................17

B.      The Proposed Settlement Was Negotiated At Arm's Length....................17

C.      The Monetary Relief Provided Through This Settlement Agreement Is Adequate Under The Circumstances................................................................18

   1.      The Costs, Risks, and Delay of Trial and Possible Appeal Are Substantial in Complex Environmental Class Actions. ....................................................19

   2.      The Proposed Method of Distributing Relief to the Class and Proposal for Processing Class Member Claims Is Effective, and Class Counsel Has Extensive Experience Administering Similar Class Settlements.....................20

   3.      The Requested Attorney's Fee is Standard and Reasonable Considering the Result for the Class.....................................................................................21

D.      The Proposed Settlement Treats All Class Members Equally...................21

III.     THE SIXTH CIRCUIT FACTORS SIMILARLY WEIGH IN FAVOR OF PRELIMINARY APPROVAL. ..........................................................................22

IV.     THE PROPOSED NOTICE PLAN IS APPROPRIATE. .............................23

CONCLUSION ................................................................................................25

# TABLE OF AUTHORITIES

Page(s)

## CASES

*In re Am. Med. Sys., Inc.*, 75 F.3d 1069 (6th Cir. 1996) ........................................12

*Amchem Prod., Inc. v. Windsor*, 521 U.S. 591 (1997) ...........................................15

*Davidson v. Henkel*, 302 F.R.D. 427 (E.D. Mich. 2014) .......................................10

*Doe v. Deja Vu Servs., Inc.*, 2017 WL 490157 (E.D. Mich. Feb. 7, 2017).............16

*Garner Properties & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614 (E.D. Mich. 2020) ....................................................................................vii, 7, 10, 15, 16

*Garner Props. & Mgmt. v. City of Inkster*, 2020 WL 4726938 (E.D. Mich. August 14, 2020) ..........................................................................................21

*Hillson v. Kelly Servs. Inc.*, 2017 WL 279814 (E.D. Mich. 2017)..................17, 18

*Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of America v. General Motors Corp.*, 497 F.3d 615 (6th Cir. 2007).......................vii, 8, 22

*Macy v. GC Servs. Ltd. P'ship*, 2019 WL 6684522 (W.D. Ky. December 6, 2019) ..........................................................................................................22

*Moeller v. Week Publ'ns, Inc.*, 2023 WL 119648 (E.D. Mich. January 6, 2023) 7, 8, 24

*Moeller v. Wk. Publications, Inc.*, 649 F. Supp. 3d 530 (E.D. Mich. 2023).... vii, 17

*In Re OnStar Contract Litig.*, 278 F.R.D. 352 (E.D. Mich. 2011) .................7, 9, 13

*In re Penthouse Exec. Club Comp. Litig.*, 2013 WL 1828598 (S.D.N.Y. Apr. 30, 2013) .......................................................................................................18

*Rockey v. Courtesy Motors, Inc.*, 199 F.R.D. 578 (W.D. Mich. 2001)...................10

*Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir. 1976) .............................10

*Sheick v. Auto. Component Carrier, LLC*, 2010 WL 3070130 (E.D. Mich. August 2, 2010) ............................................................................................... 8

*Speerly v. General Motors, LLC*, 343 F.R.D. 493 (E.D. Mich. 2023) ..............10, 11

*Strano v. Kiplinger Washington Eds., Inc.*, 649 F. Supp. 3d 546 (E.D. Mich. 2023) ..............................................................................................*passim*

*Thomsen v. Morley Cos., Inc.*, 639 F.Supp.3d 758 (E.D. Mich. 2022)...................15

*Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532 (6th Cir. 2012) ........................13

**FEDERAL RULES**

Federal Rules of Civil Procedure Rule 23 ......................................................*passim*

Federal Rules of Civil Procedure Rule 23(a) ...............................................7, 9, 12

Federal Rules of Civil Procedure Rule 23(b)(3) .................................................7, 9

Federal Rules of Civil Procedure Rule 23(b)(3)(A) ..............................................15

Federal Rules of Civil Procedure Rule 23(c)(2)(B) ..............................................24

Federal Rules of Civil Procedure Rule 23(e) ......................................................7, 8

Federal Rules of Civil Procedure Rule 23(e)(1)(B) ..............................................23

Federal Rules of Civil Procedure Rule 23(e)(1)(B)(i) ...........................................17

Federal Rules of Civil Procedure Rule 23(e)(2) ...................................................17

Federal Rules of Civil Procedure Rule 23(e)(2)(C) ..............................................19

## <u>INDEX OF EXHIBITS</u>

Exhibit 1- Settlement Agreement

      Exhibit A- Claim Form

      Exhibit B- Long Form Notice

      Exhibit C- Short Form Notice

      Exhibit D- Proposed Order Granting Preliminary Approval

Exhibit 2- Declaration of Nicholas A. Coulson

Exhibit 3- Declaration of David S. Almeida

## ISSUES PRESENTED

1. Should the proposed Settlement Class be certified for settlement purposes pursuant to Fed.R.Civ.P. 23?

**Plaintiffs' answer: YES.**

2. Should the Settlement Agreement be preliminarily approved as sufficiently fair, reasonable, and adequate to justify providing Notice to the proposed Settlement Class?

**Plaintiffs' answer: YES.**

## CONTROLLING AND MOST APPROPRIATE AUTHORITIES

Fed.R.Civ.P. 23

*Garner Props. & Mgmt. v. City of Inkster*, 333 F.R.D. 614 (E.D. Mich. 2020)

*Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of America v. General Motors Corp.*, 497 F.3d 615 (6th Cir. 2007)

*Moeller v. Wk. Publications, Inc.*, 649 F. Supp. 3d 530 (E.D. Mich. 2023)

*Strano v. Kiplinger Washington Eds., Inc.*, 649 F. Supp. 3d 546 (E.D. Mich. 2023)

# INTRODUCTION

Plaintiffs Jane Doe 1 and Jane Doe 2 brought this action, on behalf of themselves and those similarly situated, alleging that Defendant Workit Health Inc.'s (hereinafter, "Workit" or "Defendant") implementation and use of certain third-party website tracking technologies, including the Meta Pixel and Google Analytics, resulted in the unlawful disclosure of personal or health-related information to certain third-party digital media platforms such as Facebook. Following an investigation by Plaintiffs' experienced counsel, informal discovery between the Parties, and a full-day in-person mediation on March 21, 2024 (before a neutral mediator, Bruce Friedman (JAMS)), the Parties reached an arms' length agreement to fully and finally resolve this case subject to Court approval on a class-wide, non-reversionary common fund basis. As detailed further below, if the Court approves the contemplated Settlement each claiming class member will receive direct monetary payment. Plaintiffs, through their counsel, are therefore pleased to present to this Honorable Court the attached proposed Settlement Agreement and respectfully request that that the Court preliminarily approve this mutually

negotiated Settlement Agreement by entering the proposed order, which is attached to the Settlement Agreement as **Exhibit D.**[2]

## **BACKGROUND**

### A.    Description of Plaintiffs' Claims.

Plaintiffs and the proposed Settlement Class Members are individuals who accessed and used Defendant's website to receive remote medical, telehealth services. Plaintiffs' Complaint alleged that Defendant, a telehealth provider of addiction treatment, had unlawfully disclosed Plaintiffs' confidential and personally identifiable information ("PII") and protected health information ("PHI") to third parties including, but not limited to Meta Platforms, Inc. d/b/a Facebook, without Plaintiffs' knowledge or consent. [ECF No. 1, PageID. 2, ¶ 1]. Plaintiffs further alleged that their PHI and PII would allow the receiver of this information to know that a specific patient was seeking confidential medical care and the type of medical care being sought, as well as what specific type of condition they were being treated for. [*Id.*, PageID. 9, ¶ 29]. Defendant denies these allegations.

Plaintiffs seek to certify a Settlement Class consisting of: "all persons in the United States who used Defendant's Website or Application (both web-based and mobile) to search for medical information, services or physicians, fill out forms,

---

[2] Plaintiffs are authorized to state that Defendant does not oppose the relief requested in this motion. The arguments and contentions contained herein, however, are attributable to Plaintiffs.

schedule appointments, sign-up for membership, register for programs or support groups, or pay for medical services between June 1, 2017 and November 23, 2022." (**Ex. 1**, Settlement Agreement, pg. 8, § ll).

### B.    Summary of the Litigation.

Plaintiffs filed their Complaint on July 14, 2023. [ECF No. 1] Plaintiffs' complaint alleges ten causes of action: (i) Invasion of Privacy – Intrusion Upon Seclusion and Private Affairs; (ii) Invasion of Privacy – Public Disclosure of Embarrassing Private Facts; (iii) Unjust Enrichment; (iv) Breach of Implied Contract; (v) Negligence; (vi) Unauthorized Disclosure of Privileged Communications; (vii) Violations of the Michigan Consumer Protection Act (MCPA); (viii) Violations of Electronic Communications Privacy Act – Unauthorized Interception, Use, and Disclosure; (ix) Violations of the California Invasion of Privacy Act (CIPA); and (x) Violations of the California Confidentiality of Medical Information Act (CMIA). [ECF No. 1]. Plaintiffs' Complaint was filed following an extensive pre-suit investigation conducted by Plaintiffs' Counsel. (**Ex. 1**, Settlement Agreement, pg. 2, ¶ 4; **Ex. 2**- Coulson Decl., ¶¶ 11).

Despite Defendant's denial of Plaintiffs' claims of wrongdoing, the Parties agreed to engage in good faith settlement discussions. Accordingly, after Defendant filed a Motion to Compel Arbitration, [ECF No. 7], the Parties submitted a

stipulation to stay the case pending mediation on March 21, 2024 which was granted on March 23, 2024 [ECF No. 8].

Ultimately, the Parties voluntarily participated in a full-day mediation session with respected and experienced mediator Bruce Freidman (JAMS). (**Ex. 1**- Settlement Agreement, pg. 2, ¶5; **Ex. 2**- Coulson Decl., ¶ 11-12). As a result of this mediation, which involved adversarial, arm's-length negotiations between counsel experienced in similar matters, the Parties agreed to settle the claims asserted in the Complaint on the terms and conditions set forth herein, subject to the Court's review and approval. (*Id.*) Class Counsel wholeheartedly believes that this settlement is in the best interest of the Settlement Class under the circumstances given the time, complexity, and expense this litigation would present absent this agreement.

**C.     Terms of the Proposed Settlement.**

Under the proposed Settlement Agreement (**Ex. 1**),[3] Defendant will provide monetary relief to the Settlement Class Members and, in exchange, Plaintiffs and the Settlement Class Members will release certain claims against Defendant. (*Id.*, pgs. 29-31, ¶ 79-81& 86). Defendant will create a non-reversionary, common fund for the benefit of the Settlement Class Members in the amount of $578,680.00, which will be distributed on a *pro rata* basis (after the payment of costs, expenses, and such

---

[3] Capitalized terms used herein shall have the same meaning as assigned to them in the Settlement Agreement.

attorney fees and incentive awards as the Court may approve) to all Claimants who timely submit an approved Claim Form. (*Id*., pg. 9, ¶ 14). The proposed settlement includes a full release and discharge by Plaintiffs and the Class of any and all claims that were, or could have been, asserted in this case or that relate to, concern or arise out of Defendant's use of third-party tracking technologies, including the Meta Pixel and Google Analytics, that may have led to any Third-Party Disclosure.[4] (*Id.*, pgs. 29-31, ¶¶ 78-86). The Release binds all Class Members who do not opt out of the settlement from suing Defendant relating to the allegations made in the Class Action. (*Id.* pg. 21, ¶ 61).

The Settlement Agreement calls for the appointment of a third-party administrator, EisnerAmper (the "Administrator"), to administer the settlement and provides that notice of preliminary approval of the settlement will be distributed to the Class in accordance with the Notice specifications approved by the Court. (*Id*., pg. 14, ¶¶ 30-31; *see also* **Ex. B, C**- Class Notices).

Within forty-five (45) days after the Court issues its Preliminary Approval Order (**Ex. D**), the Administrator will disseminate the Class Notice and Claim Form to each Class Member whose email addresses are known by Defendant for the Settlement Class Members (the "Class List"). (**Ex. 1**, pg. 17, ¶¶ 44-45). The

---

[4] See the Settlement Agreement at page 7 for specific definition of "Plaintiffs' Released Claims," "Released Class Claims," "Released Persons" and "Releasing Persons."

Administrator will post on the Settlement Website the Class Notice, along with copies of this Agreement and the Claim Form for seeking compensation from the Settlement Fund, and with instructions for opting out of or objecting to the settlement. (*Id.*, pg. 18, ¶¶49-50).

Class Members will have sixty (60) days from the date Notice is emailed to object to or opt out of the Settlement. (**Ex. 1**, pg. 20, ¶ 56). And Class Members who wish to participate in the Settlement will have sixty (60) days to submit a valid, timely Claim Form for an equal, pro rata share of the common fund (less approved deductions). (*Id.* pg. 4, ¶ 11(c); pg. 13, ¶ 25; *see also* **Ex. A**- Claim Form).

For their services in representing the interests of the Class, the Settlement Agreement provides that, Plaintiffs Jane Doe 1 and Jane Doe 2 may each request a one-time, service award of $2,500 in addition to any payment that they may receive by virtue of their status as members of the Settlement Class. (*Id.*, pg. 22, ¶ 63).

After deducting attorney's fees and costs (including those of settlement administration), the Net Settlement Fund will be divided equally among all Class Members who submit timely Claim Forms that are approved by Class Counsel as compliant with the requirements set forth in the Notice. The Settlement Agreement provides that Class Counsel may seek reimbursement of costs and an award of reasonable attorney's fees of 1/3 of the Total Settlement Value. (*Id.*, pg. 9, ¶ 14).

## <u>LEGAL STANDARD</u>

To merit class certification, Fed.R.Civ.P. 23(a) requires a showing of four factors: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative Parties are typical of the claims or defenses of the class; and (4) the representative Parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). Where, as here, Plaintiffs seek to certify a class under Fed.R.Civ.P. 23(b)(3), Plaintiffs must additionally demonstrate "that the questions of law or fact common to Class Members predominate over any questions affecting only individual members and that a class action is superior to other available methods" for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b)(3). Finally, class certification is subject to the implicit requirement that the class is ascertainable. *See In Re OnStar Contract Litig.*, 278 F.R.D. 352, 373 (E.D. Mich. 2011). The claims of "a class proposed to be certified for purposes of settlement[] may be settled … only with the court's approval." Fed. R. Civ. P. 23(e). "The question at the preliminary approval stage is simply whether the settlement is fair enough to begin the class-notice process." *Moeller v. Week Publ'ns, Inc.*, 2023 WL 119648, at *2 (E.D. Mich. January 6, 2023) (quoting *Garner Props. & Mgmt. v. City of Inkster*, 333 F.R.D. 614, 626 (E.D. Mich. 2020) (quotation marks omitted). The Court should grant preliminary approval to a proposed class settlement if it "(1)

does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment to class representatives or of segments of the class, or excessive compensation for attorneys, and (2) appears to fall within the range of possible approval" at the final-approval stage. *Id.* (quoting *Sheick v. Auto. Component Carrier, LLC*, 2010 WL 3070130, at *11 (E.D. Mich. August 2, 2010)) (citation and quotations omitted).

Under Rule 23(e), there are four factors for a Court to consider concerning whether a proposed agreement is "fair, reasonable, and adequate": "(1) whether the class representatives and class counsel have adequately represented the class; (2) whether the proposal was negotiated at arm's length; (3) whether the relief provided for the class is adequate; and (4) whether the proposal treats Class Members equitably relative to each other." Fed.R.Civ.P. 23(e).

The Sixth Circuit provides seven additional factors to consider:

> (1) the risk of fraud or collusion;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the amount of discovery engaged in by the Parties;
> (4) the likelihood of success on the merits;
> (5) the opinions of class counsel and class representatives;
> (6) the reaction of absent Class Members and
> (7) the public interest.

*Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of America v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

## ARGUMENT

## I.   THE COURT SHOULD CERTIFY THE PROPOSED CLASS FOR SETTLEMENT PURPOSES

To warrant class certification, Fed.R.Civ.P. 23(a) requires a showing of four factors: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative Parties are typical of the claims or defenses of the class; and (4) the representative Parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). Where, as here, Plaintiffs seek to certify a class under Fed.R.Civ.P. 23(b)(3), Plaintiffs must additionally demonstrate "that the questions of law or fact common to Class Members predominate over any questions affecting only individual members and that a class action is superior to other available methods" for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b)(3). Finally, class certification is subject to the implicit requirement that the class is ascertainable. *See In Re OnStar Contract Litig.*, 278 F.R.D. 352, 373 (E.D. Mich. 2011).

The Settlement Class satisfies each of the Rule 23 prerequisites and should therefore be certified for settlement purposes.

### A.   The Numerosity Requirement is Satisfied.

"Numerosity is a fact specific inquiry that turns upon such factors as geographic location and the ease of identifying Class Members, but there is no strict

numerical test to determine when the class is large enough or too numerous to be joined." *Garner Props.*, 333 F.R.D. 614 at 622 (citing *Senter v. General Motors Corp.*, 532 F.2d 511, 523 n. 24 (6th Cir. 1976)). However, "it is generally accepted that a class of 40 or more members is sufficient to satisfy the numerosity requirement." *Davidson v. Henkel*, 302 F.R.D. 427, 436 (E.D. Mich. 2014). Here, the Settlement Class includes thousands of people. (**Ex. 2**- Coulson Decl., ¶11). The numerosity requirement is plainly satisfied.

## B.   There Are Questions of Law or Fact Common to the Class.

"Commonality simply means that 'there are questions of law or fact common to the class.' Not all questions of law and fact raised in the complaint need be common." *Speerly v. Gen. Motors, LLC*, 343 F.R.D. 493, 506 (E.D. Mich. 2023) (citations omitted). "The standard is not [that] demanding. 'Rule 23(a) simply requires a common question of law or fact.'" *Id.* (quoting *Rockey v. Courtesy Motors, Inc.*, 199 F.R.D. 578, 583 (W.D. Mich. 2001)).

Plaintiffs allege that Defendant engaged in a common course of misconduct towards the proposed Class, giving rise to questions of both law and fact common to Class Members. [ECF No. 1, PageID. 41, ¶ 184]. The following are just some of the common questions inherent in the case:

- Whether Defendant owed a duty to Plaintiffs and members of the Class to adequately protect their PHI and PII and to provide timely and accurate notice of its use of third party tracking technologies to Plaintiffs and the Class, and whether it breached these duties;

10

- Whether Defendant violated federal and state laws thereby breaching its duties to Plaintiffs and the Class as a result of its use of third party tracking technologies;
- Whether Defendant knew or should have known that its use of the Pixel transmitted PHI and PII to third parties without consent;
- Whether Defendant's conduct caused the unauthorized disclosure of Plaintiffs' and Class Members' PHI and PII; and
- Whether Defendant failed to inform Plaintiffs and the Class of the Third Party Tracking Technologies in a timely and accurate manner.

Plaintiffs' allegations revolve around the common alleged course of conduct of Defendant's implementation and use of third party tracking technologies and related unauthorized sharing of Plaintiffs' PHI and PII. The injuries caused to Class Members are identical. For these reasons, the commonality prerequisite is satisfied.

**C.   The Claims of the Named Plaintiffs are Typical of the Claims of the Class Members.**

In order to satisfy the "typicality" requirement for class certification, it is required that a "sufficient relationship exist between the injury to the named plaintiff and conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Speerly v. General Motors, LLC*, 343 F.R.D. 493, 507 (E.D. Mich. 2023) (citation omitted). "Typicality is satisfied if the representative's claim arises from the same [transaction or occurrence as] the claims of other Class Members, and [they] are based on the same legal theory." *Strano v. Kiplinger Washington Eds., Inc.*, 649 F. Supp. 3d 546, 554 (E.D. Mich. 2023).

Plaintiffs' claims, and those of the Class Members, entail the same type of alleged damages for the same type of injury caused by an alleged singular course of

conduct by Defendant, namely the implementation and usage of third-party tracking technologies to collect and disclose their PII and PHI to third parties. Plaintiffs' claims rest on the exact same legal theories as those of the Class. In all of the ways that are relevant to the required analysis, Plaintiffs' claims are typical of the claims of the proposed Class.

### D.  Plaintiffs and Class Counsel Satisfy the Adequacy of Representation Requirement.

To satisfy the final Rule 23(a) prerequisite, "the representative Parties [must] fairly and adequately protect the interests of the Class." Fed.R.Civ.P. 23(a). The adequacy inquiry consists of two separate considerations: "(1) the representative must have some common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Strano*, 649 F. Supp. 3d at 555 (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996)).

Plaintiffs have no conflict of interest with the absent Class Members and have retained Class Counsel with significant experience conducting class and complex litigation—specifically including data privacy class actions—in state and federal courts throughout the country. (**Ex. 2**, Coulson Decl., ¶¶5-8; Ex. 3 Almeida Declaration ¶¶4-). Class Counsel has negotiated a favorable Settlement Agreement, including through the use of a neutral mediator, and has vigorously prosecuted Plaintiffs' claims on behalf of the Class throughout this Litigation. Class Counsel's

extensive experience with data privacy class actions has been integral to resolving this matter for a substantial sum just over one year after the case was filed. Accordingly, Class Representatives and Class Counsel will adequately represent the class.

### E.     The Proposed Settlement Class is Ascertainable.

"The existence of an ascertainable class of persons to be represented by the proposed class representative[s] is an implied prerequisite of Federal Rule of Civil Procedure 23." *In Re OnStar Contract Litig.*, 278 F.R.D. 352, 373 (E.D. Mich. 2011). To satisfy ascertainability "the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537-38 (6th Cir. 2012).

The proposed settlement Class here is readily ascertainable. The Class is defined with reference to objective criteria in the form of usage of Defendant's website to conduct specified actions within the prescribed timeframe. To determine whether a given person is a member of the Class, all that is required is to determine whether that person used Defendant's website or App "for medical information, services or physicians, fill out forms, schedule appointments, sign-up for membership, register for programs or support groups, or pay for medical services between June 1, 2017 and November 23, 2022." (**Ex. 1**, pg. 8, § ll). Defendant has

access to this information in the form of users' account information. (*Id.*, pg. 13, ¶

28). Class Members' email addresses are readily available to Defendant, and all

Class Members will receive a Class Notice form via email (or by mail if no email is

available). (**Ex. B**, **C,** Class Notices). Thus, the class is ascertainable, and the

proposed settlement administration process will ensure that only verified Class

Members receive compensation from the common fund.

> **F.**    **The Requirements of Rule 23(b)(3) Are Also Satisfied.**
>
> **1.**    **Common Questions of Fact and Law Predominate.**

"Predominance is satisfied if the Class's individual questions of law or fact

are sufficiently cohesive to warrant adjudication by representation." *Strano*, 649 F.

Supp. 3d at 555 (quotation omitted). The numerous questions common to the Class,

including those listed above, demonstrate commonality under Rule 23(a)(2) and

predominate over any individual issues. The key elements of Plaintiffs' claims–the

alleged existence of third-party tracking technologies on Defendant's Website and

related unauthorized sharing of Plaintiffs' PHI and PII to third parties, Defendant's

knowledge of those unauthorized disclosures, and the existence and proper measure

of resultant damages–are common issues that predominate for the entire Class.

Based on the nature of the case and the Class definition, the Class has been

impacted in a similar manner and to a similar degree, rendering any individual issues

(to the extent they exist at all) of minimal importance—particularly in light of this

Settlement Agreement, which provides for a distribution of funds on a *pro rata* basis to all Claimants who submit approved claims. Plaintiffs submit that there are simply no individual issues left as to this Settlement Class that might overwhelm the predominating common issues.

**2.      A Class Action is the Superior Method for the Fair and Effective Adjudication of This Controversy.**

"A class action is superior if it would vindicate[] the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Thomsen v. Morley Cos., Inc.*, 639 F.Supp.3d 758, 766 (E.D. Mich. 2022) (quotations omitted). "Factors that bear on the predominance and superiority inquiries in the settlement context include the class members' interest in maintaining a separate action, other currently-pending litigation concerning the controversy, and the desirability of concentrating the litigation in a particular forum." *Garner Properties & Mgmt., LLC v. City of Inkster,* 333 F.R.D. 614, 625 (E.D. Mich. 2020) (citing Fed.R.Civ.P. 23(b)(3)(A)–(C)). In the settlement context, any manageability concerns are obviated because the settlement eliminates the need for further management of the case. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

Here, no other known actions have been filed, which also suggests that Class Members have little if any interest in maintaining separate actions. Class resolution achieves economies of time, effort, and expense while ensuring uniformity of

decision. The alternative to resolving this case as a class action is inefficient individual litigation that would leave unredressed the claims of most Class Members for whom active participation is not feasible for financial or other reasons. Resolving these claims together on behalf of a certified Class is fairer and incalculably more efficient. Class resolution will also prevent wasting the resources of the Court and the Parties by providing a single, orderly resolution to the case with a consistent result, as demonstrated by the proposed Settlement.

## II. THE COURT WILL LIKELY BE ABLE TO APPROVE THE PROPOSED SETTLEMENT AS FAIR, REASONABLE AND ADEQUATE.

At the preliminary approval stage, "the question [] before the Court is simply whether the settlement is fair enough that it is worthwhile to expend the effort and costs associated with sending potential class members notice and processing opt-outs and objections." *Garner Properties & Mgmt., LLC,* 333 F.R.D. at 626 (citing *Newberg on Class Actions* § 13:10 (5th ed.)). "[T]he settlement agreement should be preliminarily approved if it '(1) does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment to class representatives or segments of the class, or excessive compensation for attorneys, and (2) appears to fall within the range of possible approval.'" *Garner Properties & Mgmt., LLC,* 333 F.R.D. at 626 (quoting *Doe v. Deja Vu Servs., Inc*., 2017 WL 490157, at *1 (E.D. Mich. Feb. 7, 2017)).

"At the final-approval stage, the Agreement will be approved if it is fair, reasonable, and adequate. To that end, factors from the Sixth Circuit and the Federal Rules of Civil Procedure guide the analysis." *Moeller v. Wk. Publications, Inc.*, 649 F. Supp. 3d 530, 540–41 (E.D. Mich. 2023) (citing Fed R. Civ. P. 23(e)(2)). The applicable subrule directs the court to determine whether the terms of the proposed settlement are fair, reasonable, and adequate considering the following factors: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate; and (D) the proposal treats Class Members equitably to each other. Fed.R.Civ.P. 23(e)(1)(B)(i). Each of these factors, as well as the related considerations set out by the Sixth Circuit, are satisfied here.

### A.   The Class Representatives and Class Counsel have Adequately Represented the Class.

"[T]he first Rule 23(e) factor [adequacy of representation] is 'redundant of Rule 23(a)(4)…" *Strano*, 649 F. Supp. 3d at 557 (quoting *Newberg and Rubenstein on Class Actions* § 13:48 (6th ed.)) As such and as demonstrated above, the adequacy of representation factor is easily satisfied.

### B.   The Proposed Settlement Was Negotiated At Arm's Length.

"The primary procedural factor courts consider in determining whether to preliminarily approve a proposed [class-action] settlement is whether the agreement arose out of arms-length, noncollusive negotiations." *Hillson v. Kelly Servs. Inc.*,

17

2017 WL 279814, at *6 (E.D. Mich. 2017) (quoting *Newberg on Class Actions* §

13:14 (5th ed.)). Here, the Parties engaged in a full-day mediation before

experienced and respected neutral mediator Bruce Freidman (JAMS). (**Ex. 2-**

**Coulson Decl.**, ¶¶13-14); *See Hillson*, 2017 WL 279814, at *6 (quoting *In re*

*Penthouse Exec. Club Comp. Litig.*, 2013 WL 1828598, at *2 (S.D.N.Y. Apr. 30,

2013) ("The assistance of [an experienced mediator]… reinforces that the Settlement

Agreement is non-collusive. A Settlement like this one, reached with the help of [a]

third-party neutral[] enjoys a presumption that the settlement achieved meets the

requirements of due process.")). Leading up to and during the mediation,

information was shared that allowed both sides to carefully evaluate the strengths

and weaknesses of Plaintiffs' claims and the defenses thereto as well as the

concomitant value of this case. (**Ex. 2-** Coulson Decl., ¶14). Class Counsel believe

that the benefits of early resolution greatly outweighed the risks and costs of

prolonged litigation. (**Ex. 2-** Coulson Decl., ¶¶23-34). While any settlement is

necessarily a compromise, the Settlement addresses the concerns of Plaintiffs and

the Class and delivers valuable monetary relief.

### C.   The Monetary Relief Provided Through This Settlement Agreement Is Adequate Under The Circumstances.

Determining adequacy of relief involves consideration of several factors: "(1)

the costs, risks, and delay of trial and appeal; (2) the effectiveness of any proposed

method of distributing relief to the class, including the method of processing class-

member claims; (3) the terms of any proposed attorney's fee, including timing of payment; and (4) any agreement required to be identified under Rule 23(e)(3)."[5] Fed.R.Civ.P. 23(e)(2)(C). Each of these factors counsels in favor of a finding that the Court will ultimately be able to approve the settlement.

        **1.**      **The Costs, Risks, and Delay Inherent in Further Litigation, Trial, and Possible Appeal(s) Are Substantial in Complex Data Privacy Class Actions.**

The consideration provided by Defendant to effectuate the proposed Settlement Agreement is an excellent result for the Class given the risk, cost, and delay inherent in further litigation. Defendant disputes Plaintiffs' allegations and denies that it is liable for any alleged harm caused to Plaintiffs and/or the Class. While Plaintiffs are confident in the merits of their case, the number of issues involved in this complex case, which centers on a developing area of law (third party tracking technology/pixel litigation), creates significant uncertainty. After considering the range of possibilities, it is Plaintiffs' counsel's experienced opinion that given the potential risks, rewards and costs of continuing litigation, that settlement on the proposed terms is the most desirable course for Plaintiffs and the Class to take. (**Ex. 2-** Coulson Decl., ¶24).

---

[5] The proposed Settlement Agreement is attached as **Ex. 1**, satisfying the fourth factor.

  **2.**   **The Proposed Method of Distributing Relief to the Class and Proposal for Processing Class Member Claims Is Effective, and Class Counsel Has Extensive Experience Administering Similar Class Settlements.**

  The Settlement provides for the distribution of monetary relief on a *pro-rata* basis to all Class Members who submit a timely and valid claim form. (**Ex. 1**, pg. 3, ¶ 8(d)). Class Members will be afforded 60 days following the Notice Date, whereby each Class Member will receive notice via email, to submit a claim form to be paid in a form of their choosing. The equal share formula is both equitable and sensible because any potential degree in variation between the claims of Class Members is minimal and is outweighed by the cost, uncertainty, and administrative infeasibility of attempting to distinguish amongst claims. An equal basis *pro rata* distribution avoids these unnecessary costs.

  Additionally, the claims process is as simple as possible without inviting fraud. This simple claims process, which requires basic proof of identity and qualification, ensures that funds are distributed only to qualifying Class Members. Both the method for making claims and the method for distributing funds are designed to be maximally effective for getting the Class relief into Class Members' hands.

### 3.      The Requested Attorney's Fee is Standard and Reasonable Considering the Result for the Class.

Pursuant to the terms of the Settlement Agreement, Class Counsel may apply to the Court for an award of reasonable attorney's fees and plan to request attorney's fees in an amount not to exceed one-third of the total settlement value. (**Ex. 1**, pg. 21-22). This percentage is standard within this district and the Sixth Circuit. *See, e.g.*, *Strano*, 649 F. Supp. 3d at 558 (granting preliminary approval to attorney's fee request not to exceed 35% in a class settlement); *Garner Props. & Mgmt. v. City of Inkster*, 2020 WL 4726938, at *10 (E.D. Mich. August 14, 2020) (finding that 33% attorney's fees were reasonable.) Given Plaintiffs' Counsel's expertise in similar complex litigation and their efforts to secure this significant relief for the Class, the standard fee request is justified. Further, any award is subject to the Court's discretion and approval.

### D.      The Proposed Settlement Treats All Class Members Equitably.

For many of the same reasons as discussed above, there are no concerns here regarding the equitable treatment of Class Members relative to one another. Every member of the Class will have an equal opportunity to collect on the monetary relief provided through this Settlement, and Class Members who submit timely and valid claim forms will be treated equally to one another, receiving one equal share of the Net Settlement Fund. The alleged injury here is the disclosure of a functionally identical sort of private information. There are no material differences between the

21

claims of Class Members that would merit departing from this fair and manageable approach.

## III.   THE SIXTH CIRCUIT FACTORS SIMILARLY WEIGH IN FAVOR OF PRELIMINARY APPROVAL.

Consideration of the additional Sixth Circuit factors similarly counsels in favor of preliminary approval. The factors are "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the Parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent Class Members; and (7) the public interest." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

Factors one through five are largely subsumed by the previously outlined Rule 23(e)(2) factors rendering simple reiteration here unnecessary. *See Macy v. GC Servs. Ltd. P'ship*, 2019 WL 6684522, at *2 (W.D. Ky. December 6, 2019) ("[Rule 23(e)] largely encompasses the factors that have been employed by the Sixth Circuit[.]"). Each of these factors weighs in favor of preliminary approval or, at the very least, is neutral. The sixth factor, the reaction of absent Class Members, cannot be evaluated until notice has been disseminated and the Class's feedback received, rendering this analysis more appropriate on final approval. The seventh factor, the public interest, weighs overwhelmingly in favor of approval. This Settlement represents the resolution of an alleged unlawful disclosure of personal information

for thousands of people which will provide meaningful relief to the community and serve the important interest of encouraging responsible data privacy practices.

## IV.    THE PROPOSED NOTICE PLAN IS APPROPRIATE.

"After preliminarily approving a settlement, the court must direct notice of the proposed settlement to all Class Members who would be bound by the proposal." Fed.R.Civ.P. 23(e)(1)(B). The Settlement provides for notice to the Class in the form attached as **Exs. B & C** to the Settlement Agreement. Within forty-five (45) days after the Court issues its Preliminary Approval Order (**Ex. D**), the settlement administrator will disseminate the Class Notice and Claim Form to each Class Member via email to all Class Members for whom Defendant has such information. This is particularly appropriate where, as here, the Class Members all interacted with Defendant's website and resultantly Defendant maintains email contact information for them. The settlement administrator shall also mail a Claim Form to Class Members upon written or telephonic request. Further, the administrator will post the Class Notice on the Settlement Website, along with copies of the Settlement Agreement and the Claim Form, and with instructions for opting out of or objecting to the settlement. Class Members will then have sixty (60) days from the Notice Date to opt out or object to the Settlement Agreement, and 60 days to file a Claim Form. **Ex. 1**, pg. 4, ¶11(c); pg. 13, ¶ 25; pg. 20, ¶ 56; *see also* **Ex. A**- Claim Form). Any

Class Member who chooses to opt out will not be bound by the Settlement

Agreement and will not release any claims against Defendant. (*Id.*)

> When, such as here, Plaintiffs seek to certify a class pursuant to Rule 23(b)(3):
>
> Notice must also include the following in 'plain, easily understood language:
> (1) the nature of the action;
> (2) the definition of the class certified;
> (3) the class claims, issues, or defenses;
> (4) that a Class Members may enter an appearance through an attorney is the member so desires;
> (5) that the court will exclude from the class any member who requests exclusion;
> (6) the time and manner for requesting exclusion; and
> (7) the binding effect of a class judgment on members under Rule 23(c)(3).

*Moeller v. Week Pubs., Inc.*, 2023 WL 119648, at *8 (E.D. Mich. January 6, 2023)

(quoting Fed.R.Civ.P. 23(c)(2)(B)).

The Class Notice provides all of the salient information, clearly states that it

contains only a summary of the Settlement Agreement, and describes how Class

Members can obtain additional information regarding the Settlement Agreement.

The Notice also refers interested individuals to the Settlement website, where they

may access relevant documents or seek further information. Class Members will

have the opportunity to make claims, opt-out, or object to the Settlement. Plaintiffs

will then seek final approval of the Settlement, at which time the Court can consider

the Class's response thereto. The Class Notice and Notice Plan should therefore be

approved.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the attached Order Granting Preliminary Approval (**Ex. D**), preliminarily approve the Settlement Class, appoint Plaintiffs' Counsel as Settlement Class Counsel, and approve the Notice program described herein.

Dated: September 6, 2024                    Respectfully Submitted,

/s/ Nicholas A. Coulson
Nicholas A. Coulson
COULSON P.C.
300 River Place Drive
Detroit, MI 48207
(313) 644-2685
nick@coulsonpc.com

David S. Almeida
**ALMEIDA LAW GROUP LLC**
894 W. Webster Avenue
Chicago, Illinois 60614
T: (312) 576-3024
david@almeidalawgroup.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 6, 2024 I served a copy of the foregoing upon all counsel of record via the Court's CM/ECF system, which will send notifications of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

*/s/ Nicholas A. Coulson*
Nicholas A. Coulson
