## SETTLEMENT AGREEMENT AND RELEASE

This Settlement and Release Agreement ("Agreement" or "Settlement Agreement") is entered into by, between and among Plaintiffs Jane Doe 1 and Jane Doe 2 ("Plaintiffs"), individually and on behalf of the Settlement Class, and Workit Health, Inc. ("Defendant" or "Workit") in the case of *Doe v. Workit Health, Inc.*, Case No. 2:23-cv-11691-LVP-DRG, currently pending in the Eastern District of Michigan (the "Litigation"). Defendant and Plaintiffs are each referred to as a "Party" and are collectively referred to herein as "the Parties."

### I.     Recitals

1.     Workit is a telehealth provider for addiction and mental health treatment. Workit owns and maintains a website at www.workithealth.com, and a web-based app webform at https://app.workithealth.com (collectively, "Website"), as well as mobile applications ("Applications").

2.     On July 14, 2023, Plaintiffs commenced the Litigation by filing a putative class action complaint (the "Class Action Complaint") alleging, on behalf of themselves and the Settlement Class (defined below), that Workit's implementation and use of certain third-party website technologies ("Third-Party Technologies"), including the Meta Pixel and Google Analytics, may have led to the disclosure of certain personal or health-related information to third-party vendors (the "Third-Party Disclosure"). Plaintiffs claim that Defendant's implementation and usage of such Third-Party Technologies on the Website and Applications resulted in the unlawful disclosure of Plaintiffs' and Settlement Class Members' confidential health information without consent. Plaintiffs asserted statutory and common law claims based on their factual allegations.

1

Doc ID: 9c2a79445ed02a25

3.     Defendant denies all claims asserted in the Litigation, denies all allegations of wrongdoing and liability and denies all material allegations of the Class Action Complaint filed in the Litigation.

4.     Class Counsel have investigated the facts relating to the claims and defenses alleged and the underlying events in the Litigation, have made a thorough study of the legal principles applicable to the claims and defenses asserted in the Litigation, and have conducted a thorough assessment of the strengths and weaknesses of the Parties' respective positions.

5.     On March 21, 2024, Counsel for the Parties engaged in a full day, in-person mediation before skilled mediator Bruce Freidman (JAMS) in Orange County, California, concerning a possible settlement of the claims asserted in the Litigation. This mediation resulted in a settlement in principle, the terms of which are reflected in this Settlement Agreement.

6.     The Parties desire to settle the Litigation and all claims arising out of or related to the allegations or subject matter of the Litigation, the alleged Third-Party Disclosures, and Workit's alleged use of Third-Party Technologies on its Website and/or web and mobile based Applications on the terms and conditions set forth herein for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing to litigate the Litigation.

7.     Plaintiffs and Class Counsel, on behalf of the Settlement Class, have concluded, based upon their investigation, and taking into account the contested issues involved, the expense and time necessary to prosecute the Litigation through trial, the risks and costs associated with further prosecution of the Litigation, the uncertainties of complex litigation, the desired outcome from continued litigation, and the substantial benefits to be received pursuant to this Settlement Agreement, that a settlement with Defendant on the terms set forth herein is fair and reasonable

2

and in the best interest of Plaintiffs and the Settlement Class. Plaintiffs and Class Counsel believe that the Settlement confers substantial benefits upon the Settlement Class.

8.      The Settlement Agreement allocates and distributes the Settlement Fund as follows:

   a.   the Settlement Administrator's Notice and Settlement Administration Costs;

   b.   any Court-approved Settlement Class Representative Service Awards and

   c.   any Court-approved Class Counsel's Attorneys' Fees and Expenses Award

      i.   (the Settlement Fund less the allocations referenced in items a-c above is referred to herein as the "Net Settlement Fund."

   d.   direct *pro rata* payments to each and every Settlement Class Member who timely submits a valid claim.

9.      The Parties agree and understand that neither this Settlement Agreement, nor the settlement it represents, shall be construed as an admission by Defendant of any wrongdoing whatsoever, including an admission of a violation of any statute or law or of liability on the claims or allegations in the Litigation or any other similar claims in other proceedings, or that any such claims would be suitable for class treatment.

10. The Parties, by and through their respective duly authorized counsel of record, and intending to be legally bound hereby, agree that the Litigation, and all matters and claims in the Complaint, and all matters and claims arising out of or related to the allegations or subject matter of the Litigation, shall be settled, compromised, and dismissed, on the merits and with prejudice, upon the following terms and conditions.

## II.      Definitions

3

11.    As used herein and in the related documents attached hereto as exhibits, the

following terms have the meaning specified below:

a.    "Agreement" or "Settlement Agreement" means this settlement agreement, including all exhibits, which the Parties understand and agree sets forth all material terms and conditions of the Settlement of the Litigation between them and which is subject to preliminary and final approval by the Court.

b.    "Attorneys' Fees and Expenses Award" means the amount awarded by the Court, if any, to be paid to Class Counsel from the Settlement Fund, such amount to be in full and complete satisfaction of Class Counsel's claim or request (and any request made by any other attorneys) for payment of reasonable attorneys' fees and Litigation Expenses incurred in respect of the Litigation;

c.    "Claim Deadline" means the deadline for filing claims set at a date certain sixty (60) Days from the Notice Date, as defined in Paragraph 45.

d.    "Claim Form" means the form members of the Settlement Class must complete and submit on or before the Claims Deadline to be eligible for the benefits described herein, and substantially in the form of **Exhibit A** to this Settlement Agreement (including a substantially similar digitized form to be designed by the Settlement Administrator). The Claim Form shall require a sworn affirmation under penalty of perjury but shall not require a notarization or any other form of verification.

e.    "Claimants" shall have the meaning given in Paragraph 34.

f.    "Class Counsel" shall mean David S. Almeida of Almeida Law Group LLC located at 849 W. Webster Avenue in Chicago, Illinois 60614, and Nicholas A. Coulson of Liddle Sheets Coulson P.C located at 975 E. Jefferson Avenue in Detroit, Michigan 48207.

g.    "Class Notice" means the notice of this Settlement, which shall include the Short-Form or Email Notice and a Long Form Notice, substantially in the form attached hereto as **Exhibits A and B**, respectively.

h.    "Court" means the United States District Court for the Eastern District of Michigan.

i.    "Day(s)" means calendar days, but does not include the day of the act, event, or default from which the designated period of time begins to run. Further and notwithstanding the above, when computing any period of

4

time prescribed or allowed by this Settlement Agreement, "Days" includes the last day of the period unless it is a Saturday, a Sunday, or a federal legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or federal legal holiday.

j.    "Third-Party Disclosure" means the alleged disclosure of personal information of Plaintiffs and members of the Settlement Class to third-party vendors, including Facebook and Google, from persons who used Defendant's Website or Application to search for medical information, services, or physicians, fill out forms, schedule appointments, sign-up for membership, register for programs or support groups, or pay for medical services between June 1, 2017 and November 23, 2022.

k.    "Defendant's Counsel" means Tammy Webb and Daniel Rohner of Shook, Hardy & Bacon LLP, located at 555 Mission Street, Suite 2300, San Francisco, CA 94105 and 1660 17th Street, Suite 450, Denver, CO, 80202., respectively, and Debra Geroux and located at 201 W. Big Beaver, Suite 1200, Troy, Michigan 48084.

l.    "Effective Date" means the date defined in Paragraph 86 of this Settlement Agreement.

m.    "Final" with respect to a judgment or order means that all of the following have occurred: (i) the time expires for noticing any appeal; (ii) if there is an appeal or appeals, completion, in a manner that finally affirms and leaves in place the judgment or order without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration, rehearing *en banc*, or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

n.    "Final Approval Hearing" means the hearing to determine whether the Settlement should be given final approval and whether the applications for Class Service Awards and Class Counsel for attorneys' fees, costs and expenses should be approved.

o.    "Final Approval Order" means the order of the Court finally approving this Settlement.

p.    "Final Judgment" means the dismissal with prejudice in the Litigation, entered in connection with the Settlement and Final Approval Order.

Doc ID: 9c2a79445ed02a25...

q.  "Litigation" means the lawsuit entitled *Doe v. Workit Health, Inc.*, Case No. 2:23-cv-11691-LVP.DRG pending in the United States District Court for the Eastern District of Michigan filed on July 14, 2023.

r.  "Litigation Costs" means costs and expenses incurred by Class Counsel in connection with commencing, prosecuting, mediating, settling the Litigation, and obtaining an order of final judgment.

s.  "Long-Form Notice" means the written notice substantially in the form of **Exhibit B** to this Settlement Agreement.

t.  "Notice and Claims Administration Costs" means all approved reasonable costs incurred or charged by the Settlement Administrator in connection with providing notice to members of the Settlement Class and administering the Settlement. This does not include any separate costs incurred directly by Defendant or any of Defendant's attorneys, agents, or representatives in this Litigation.

u.  "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) reasonable Notice and Claims Administration Costs incurred pursuant to this Settlement Agreement, (ii) any taxes owed by the Settlement Fund, (iii) any Service Awards approved by the Court, and (iv) any Attorneys' Fees, Costs, and Expenses approved by the Court.

v.  "Notice Program" means the notice program described in Section VII.

w.  "Objection Deadline" shall have the meaning set forth in Paragraph 56 or as otherwise ordered by the Court.

x.  "Opt-Out" means a Settlement Class Member (i) who timely submits a properly completed and executed Request for Exclusion, (ii) who does not rescind that Request for Exclusion before the end of the Opt-Out Period, and (iii) as to which there is not a successful challenge to the Request for Exclusion.

y.  "Opt-Out Date" means the date by which Settlement Class Members must mail their Request for Exclusion in order to be excluded from the Settlement Class. The postmark date shall constitute evidence of the date of mailing for these purposes. The Opt-Out Date shall be sixty (60) Days after the Notice Date.

z.  "Parties" means Plaintiffs collectively and Defendant, and a "Party" means one of the Plaintiffs or the Defendant.

Doc ID: 9c2a79445ed02a25

aa. "Plaintiffs' Released Claims" means all claims and other matters released in and by Section XV of this Settlement Agreement.

bb. "Email Notice" or "Short-Form Notice" means the written notice to be sent to Settlement Class Members pursuant to the Preliminary Approval Order substantially in the form as the Short-Form Notice attached as **Exhibit C** to this Settlement Agreement.

cc. "Preliminary Approval Date" means the date the Preliminary Approval Order has been executed and entered by the Court.

dd. "Preliminary Approval Order" means the order certifying the proposed Class for settlement purposes, preliminarily approving this Settlement Agreement, approving the Notice Program, and setting a date for the Final Approval Hearing, entered in a format the same as or substantially similar to that of the Proposed Preliminary Approval Order attached hereto as **Exhibit D.**

ee. "Related Entities" means Defendant's past or present parents, subsidiaries, divisions, and related or affiliated entities whether direct or indirect, as well as each of Defendant's and these entities' respective predecessors, successors, members, directors, officers, employees, principals, agents, attorneys, providers, customers, insurers, and reinsurers, and includes, without limitation, any person related to any such entity who is, was, or could have been named as a defendant in this Litigation.

ff. "Released Class Claims" means all class claims and other matters released in and by Section XV of this Settlement Agreement.

gg. "Released Persons" means Defendant and the Related Entities, and each of their present and former parents, subsidiaries, divisions, departments, affiliates, predecessors, successors, assigns, insurers, and each of the foregoing's former or present directors, trustees, officers, employees, representatives, agents, providers, consultants, advisors, attorneys, accountants, partners, vendors, customers, insurers, reinsurers, and subrogees.

hh. "Releasing Persons" means Plaintiffs and the Settlement Class Members and each of their heirs, estates, trustees, principals, beneficiaries, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

ii. "Settlement" means the settlement reflected by this Settlement Agreement.

7

jj. "Settlement Administrator" means the class action settlement administrator retained to carry out the notice plan and administer the claims and settlement fund distribution process. After reviewing bids, the Parties, subject to Court approval, have agreed to use EisnerAmper LLP as Settlement Administrator in this matter.

kk. "Settlement Agreement" means this Settlement Agreement, including releases and all exhibits hereto.

ll. "Settlement Class" means all persons in the United States who used Defendant's Website or Application (both web-based and mobile) to search for medical information, services or physicians, fill out forms, schedule appointments, sign-up for membership, register for programs or support groups, or pay for medical services between June 1, 2017 and November 23, 2022.

i. Excluded from the Settlement Class are: (i) Defendant, any entity in which Defendant has a controlling interest, and Defendant's affiliates, parents, subsidiaries, officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly excludes themselves from the Settlement.

mm. "Settlement Class Member[s]" means all persons who are members of the Settlement Class.

nn. "Settlement Fund" means the non-reversionary sum of Five Hundred Seventy-Eight Thousand Six Hundred and Eighty dollars and no cents ($578,680), to be paid by or on behalf of Defendant as specified in this Agreement, including any interest accrued thereon after payment.

oo. "Settlement Website" means a dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Email Notice, the Long-Form Notice, and the Claim Form, among other things as agreed upon by the Parties and approved by the Court as required.

## III.   CERTIFICATION OF THE SETTLEMENT CLASS

12.   For settlement purposes only, Plaintiffs will request that the Court certify the Settlement Class. And Defendant does not oppose Plaintiffs' request for certification.

Doc ID: 9c2a79445ed02a25

13.     If this Settlement Agreement is validly terminated or otherwise not approved by the Court, or if the Effective Date should not occur for any reason, then Plaintiffs' request for certification of the Settlement Class shall be considered withdrawn and deemed to be of no force or effect for any purpose in this Litigation and/or any other proceeding.

## IV.     THE SETTLEMENT FUND

14.     Defendant agrees to make a payment of Five Hundred Seventy-Eight Thousand Six Hundred and Eighty dollars and no cents ($578,680.00), and to deposit that payment into the Settlement Fund within thirty (30) Days after the Effective Date. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Defendant's liability shall not exceed Five Hundred Seventy-Eight Thousand Six Hundred and Eighty dollars and no cents ($578,680.00), inclusive of attorneys' fees, costs, and expenses. The timing set forth in this provision is contingent upon the receipt of a W-9 from the Settlement Administrator for the Settlement Fund before the Effective Date. If Defendant does not receive this information before the Effective Date, the payments specified by this paragraph shall be made within thirty (30) Days after Defendant receives this information.

15.     The Settlement Fund shall be deposited in an appropriate trust account established by the Settlement Administrator but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Agreement or returned to those who paid the Settlement Fund in the event this Agreement is voided, terminated, or cancelled.

16.     In the event this Agreement is voided, terminated, or cancelled due to lack of approval from the Court or any other reason: (i) the Class Representatives and Class Counsel shall have no obligation to repay any of the Notice and Claims Administration Costs that have been paid or incurred in accordance with the terms and conditions of this Agreement; (ii) any amounts

9

Doc ID: 9c2a79445ed02a25

remaining in the Settlement Fund after payment of Notice and Claims Administration Costs paid or incurred in accordance with the terms and conditions of this Agreement, including all interest earned on the Settlement Fund net of any taxes, shall be returned to Defendant; and (iii) no other person or entity shall have any further claim whatsoever to such amounts.

17. This Settlement is non-reversionary. As of the Effective Date, all rights of Defendant in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is voided, cancelled, or terminated, as described in Section XIV of this Agreement. In the event the Effective Date occurs, no portion of the Settlement Fund shall be returned to Defendant.

18. As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for: (i) reasonable Notice and Claims Administration Costs incurred pursuant to this Settlement Agreement as approved by the Parties and approved by the Court, (ii) any taxes owed by the Settlement Fund, (iii) any Service Awards approved by the Court, (iv) any Attorneys' Fees, Costs, and Expenses Award as approved by the Court, and (v) any benefits to Settlement Class Members, pursuant to the terms and conditions of this Agreement.

19. The Settlement Fund shall be an account established and administered by the Settlement Administrator, at a financial institution recommended by the Settlement Administrator and approved by Class Counsel and Defendant, and shall be maintained as a qualified settlement fund pursuant to Treasury Regulation § 1.468 B-1, *et seq*.

20. No amounts may be withdrawn from the Settlement Fund unless (i) expressly authorized by the Settlement Agreement, or as may be (ii) approved by the Court. The Parties, by agreement, may authorize the periodic payment of actual reasonable Notice and Claims Administration Costs from the Settlement Fund as such expenses are invoiced without further

Doc ID: 9c2a79445ed02a25

order of the Court. The Settlement Administrator shall provide Class Counsel and Defendant with notice of any withdrawal or other payment the Settlement Administrator proposes to make from the Settlement Fund before the Effective Date at least seven (7) business days prior to making such withdrawal or payment.

21. The Settlement Administrator, subject to such supervision and direction of the Court and Class Counsel as may be necessary or as circumstances may require, shall administer and oversee distribution of the Settlement Fund to Claimants pursuant to this Agreement.

22. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any taxes owed by the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution determined by the Settlement Administrator and approved by the Parties. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

23. All taxes owed by the Settlement Fund shall be paid out of the Settlement Fund, shall be considered a Notice and Claims Administration Cost, and shall be timely paid by the

11

Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

24. Limitation of Liability

a. Defendant and its counsel shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission, or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. Defendant also shall have no obligation to communicate with Settlement Class Members and others regarding amounts paid under the Settlement.

b. The Class Representatives and Class Counsel shall not have any liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration calculation of payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

Doc ID: 9c2a79445ed02a25

## V.   BENEFITS TO SETTLEMENT CLASS MEMBERS

25.     Settlement Class Members must submit a valid Claim Form in order to receive a settlement benefit. Claims will be subject to review for completeness, validity, and timeliness by the Settlement Administrator. For any claims deemed invalid, the Settlement Administrator will provide claimants an opportunity to cure in the manner set forth below. All Settlement Class members who submit a valid claim form will receive a *pro rata* share of the Net Settlement Fund, which will paid in accordance with Section VI below.

## VI.   SETTLEMENT ADMINISTRATION

26.     All agreed upon and reasonable Notice and Settlement Administration Costs will be paid from the Settlement Fund.

27.     The Parties agree to solicit and did solicit competitive bids for settlement administration, including Notice and Claims Administration Costs, to rely upon Email Notice, and to utilize other appropriate forms of notice where practicable, in order to contain the administration costs while still providing effective notice to the Settlement Class Members. The approved Settlement Administrator shall agree to execute a HIPAA compliant business associate agreement or other comparable agreement acceptable to Defendant ensuring the protection of any personally identifiable information supplied by Defendant pursuant to the terms of this Agreement.

28.     The Settlement Administrator will provide written notice via email, to the extent such addresses are kept by Defendant ("Email Notice"). Email Notice shall be sent to each Settlement Class member for whom Defendant has such information on two occasions and on dates suggested by the Settlement Administrator and shall include a hyperlink to the Claim Form on the Settlement Website. The Claim Form on the website shall be prepopulated. Settlement Class Members shall have sixty (60) Days from the Notice Date to object to the Settlement Agreement.

Doc ID: 9c2a79445ed02a25

29.     The Settlement Administrator shall also provide notice via publication to the extent such notice is deemed appropriate by the Settlement Administrator in consultation with the Parties in order to provide the best notice practicable under the circumstances.

30.     The Settlement Administrator will administer the notice process in accordance with the terms of the Settlement Agreement and any orders of the Court. The Settlement Administrator may request the assistance of the Parties to facilitate providing notice and to accomplish such other purposes as may be approved by both Class Counsel and Defendant's Counsel. The Parties shall reasonably cooperate with such requests.

31.     The Settlement Administrator will administer the claims process in accordance with the terms of the Settlement Agreement and any additional processes agreed to by both Class Counsel and Defendant's Counsel, subject to the Court's supervision and direction as circumstances may require.

32.     To make a claim, a Settlement Class Member must complete and submit a valid, timely, and sworn Claim Form. A Claim Form shall be submitted online at the Settlement Website or by U.S. mail and must be postmarked no later than the Claim Deadline.

33.     The Settlement Administrator will review and evaluate each Claim Form, including any required documentation submitted, for validity, timeliness, and completeness.

34.     If, in the determination of the Settlement Administrator, the Settlement Class Member submits a timely but incomplete or inadequately supported Claim Form, the Settlement Administrator shall give the Settlement Class Member notice of the deficiencies, and the Settlement Class Member shall have twenty-one (21) Days from the date of the written notice to cure the deficiencies. The Settlement Administrator will provide notice of deficiencies concurrently to Defendant's Counsel and Class Counsel. If the defect is not cured within the 21-

14

Day period, then the Claim will be deemed invalid. All Settlement Class Members who submit a valid and timely Claim Form, including a Claim Form deemed defective but timely cured, shall be considered "Claimants."

35.     The Settlement Administrator will maintain records of all Claim Forms submitted until three hundred and sixty (360) Days after entry of the Final Judgment. Claim Forms and supporting documentation may be provided to the Court upon request and to Defendant, Class Counsel, and Defendant's Counsel to the extent necessary to resolve claims determination issues pursuant to this Settlement Agreement. Class Counsel or the Settlement Administrator will provide other reports or information that the Court may request or that the Court or Defendant's Counsel may reasonably require.

36.     Subject to the terms and conditions of this Settlement Agreement, thirty (30) Days after the Effective Date, the Settlement Administrator shall mail or otherwise provide a payment via check ("Claim Check") or digital payment selected in consultation with the Settlement Administrator (collectively, "Claim Payment") to each Claimant for their pro rata share of the Settlement Fund, in accordance with the following distribution procedures:

a.   The Settlement Administrator shall utilize the Net Settlement Fund to make all Cash Compensation payments as described in Paragraph 38.

b.   The amount of each Cash Compensation payment shall be calculated by dividing the Net Settlement Fund by the number of valid Claimants.

37.     Each Claim Check shall be mailed to the address provided by the Claimant on his or her Claim Form. All Claim Checks issued under this section shall be void if not negotiated within ninety (90) calendar days of their date of issue and shall contain a legend to that effect.

15

Claim Checks issued pursuant to this section that are not negotiated within ninety (90) calendar days of their date of issue shall not be reissued.

38.     To the extent any monies remain in the Net Settlement Fund more than one hundred twenty (120) Days after the distribution of Claim Payments to the Claimants, a subsequent payment will be evenly made to all Claimants who cashed or deposited their initial Claim Payments they received, provided that the average payment amount is equal to or greater than Three Dollars and No Cents ($3.00). The distribution of this remaining Net Settlement Fund shall continue until the average payment amount in a distribution is less than Three Dollars and No Cents ($3.00), whereupon the amount remaining in the Net Settlement Fund, if any, shall be distributed to one or more appropriate recipients by mutual agreement of the Parties and the Court (but shall, in no event, revert to Defendant).

39.     For any Claim Check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to find a valid address and resend the Claim Check within thirty (30) Days after the check is returned to the Settlement Administrator as undeliverable. The Settlement Administrator shall only make one attempt to resend a Claim Check.

40.     No portion of the Net Settlement Fund shall revert or be repaid to Defendant after the Effective Date. Any residual funds remaining in the Net Settlement Fund, after all payments and distributions are made pursuant to the terms and conditions of this Agreement shall be distributed according to the provisions outlined in Paragraph 38.

## VII.   NOTICE TO SETTLEMENT CLASS MEMBERS

41.     The Parties agree that the following Notice Program provides reasonable notice to the Settlement Class.

Doc ID: 9c2a79445ed02a25

42. Direct Notice shall be provided to Settlement Class Members via email to the extent such addresses are possessed by Defendant and shall consist of the Short Form Notice substantially in the form of Exhibit C. The Settlement Administrator shall have discretion to format this Short Form Notice for email in a reasonable manner to minimize administrative costs. The Notice shall be sent via email to each Settlement Class member for whom Defendant has such information on two occasions and on dates suggested by the Settlement Administrator and shall include a hyperlink to the Claim Form on the Settlement Website. The Claim Form on the website shall be prepopulated.

43. Additional Notice may be provided via publication pursuant to Paragraph 29, to the extent such notice is deemed appropriate by the Settlement Administrator in consultation with the Parties in order to provide the best notice practicable under the circumstances.

44. Within fifteen (15) Days of the entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the names and/or usernames and last email addresses known to Defendant for the Settlement Class Members (the "Class List").

45. Within forty-five (45) Days following entry of the Preliminary Approval Order ("Notice Date"), the Settlement Administrator shall email the Email Notice (the first of two emails) to all Settlement Class Members. The Settlement Administrator shall mail a Claim Form to Settlement Class Members upon written or telephonic request.

46. The Email Notice shall be sent to each Settlement Class member for whom Defendant has such information on two occasions and on dates suggested by the Settlement Administrator and shall include a hyperlink to the Claim Form on the Settlement Website. Other than as set forth above, neither the Parties nor the Settlement Administrator shall have any other obligation to re-email Notices.

47.     The emailed notice will consist of the Email Notice substantially in the form of **Exhibit C**. The Settlement Administrator shall have discretion to format this Email Notice in a reasonable manner. Before the emailing of the Email Notice is commenced, Class Counsel and Defendant's Counsel shall first be provided with a proof copy (including what the items will look like in their final form) and shall have the right to inspect the same for compliance with the Settlement Agreement and the Court's order(s).

48.     No later than forty-five (45) Days following entry of the Preliminary Approval Order, the Settlement Administrator shall effectuate any publication notice made pursuant to paragraph 29, to the extent that this notice is deemed to be necessary by the Parties.

49.     No later than forty-five (45) Days following entry of the Preliminary Approval Order, and prior to the emailing of the Email Notice to all Settlement Class Members, the Settlement Administrator will create a dedicated Settlement Website. The Settlement Administrator shall cause the Class Action Complaint, Email Notice, Long-Form Notice, Claim Form, this Settlement Agreement, and other relevant settlement and court documents to be available on the Settlement Website. Any other content proposed to be included or displayed on the Settlement Website shall be approved in advance by counsel for the Parties, which approval shall not be unreasonably withheld, by Class Counsel and Defendant's Counsel. The Settlement Website address and the fact that a more detailed Long-Form Notice and a Claim Form are available through the website shall be included in the Email Notice.

50.     Claimants shall be able to submit their claims via the Settlement Website.

51.     The Settlement Website shall be maintained from the Notice Date until sixty (60) Days after the Claims Deadline has passed.

Doc ID: 9c2a79445ed02a25f02da764d86f8a781fo223a5764

52.     Claim Forms shall be returned or submitted to the Settlement Administrator online or via U.S. mail, postmarked or received by the Claims Deadline set by the Court, or be forever barred unless such claim is otherwise approved by the Court at the Final Approval Hearing, for good cause shown as demonstrated by the applicable Settlement Class Member.

53.     Prior to the Final Approval Hearing, the Settlement Administrator shall provide to Class Counsel to file with the Court, an appropriate affidavit or declaration from the Settlement Administrator concerning compliance with the Court-approved Notice Program.

## VIII.    OBJECTIONS TO THE SETTLEMENT

54.     Any Settlement Class Member who wishes to object to the proposed Settlement Agreement must file with the Court and serve a written objection(s) to the Settlement ("Objection(s)") on Class Counsel and Defendant's Counsel, at the addresses set forth in the Long-Form Notice.

55.     Each Objection must (i) set forth the Settlement Class Member's full name, current address, telephone number, and email address; (ii) contain the Settlement Class Member's signature; (iii) contain proof that the Settlement Class Member is a member of the Settlement Class (e.g., copy of settlement notice, proof of Workit membership during relevant time period, or other proof of use of Workit's Website web or mobile based Applications during the relevant time period); (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (vii) identify all counsel representing the Settlement Class Member, if any; (viii) contain the signature of the Settlement Class Member's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation; and (ix) contain a list, including case

Doc ID: 9c2a79445ed02a25

name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years.

56.     Objections must be filed with the Court and served on Class Counsel and Defendant's Counsel no later than sixty (60) Days after the Notice Date (the "Objection Deadline"). The Objection Deadline shall be included in the Short-Form and Long-Form Notices.

57.     Class Counsel and Defendant's Counsel may, but need not, respond to the Objections, if any, by means of a memorandum of law served prior to the Final Approval Hearing.

58.     An objecting Settlement Class Member has the right, but is not required, to attend the Final Approval Hearing. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court (as well as serve the notice on Class Counsel and Defendant's Counsel) by the Objection Deadline.

      a. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must also identify the attorney(s) representing the objecting Settlement Class Member who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address, state bar(s) to which counsel is admitted, as well as associated state bar numbers.

      b. Any Settlement Class Member who fails to timely file and serve an Objection and notice, if applicable, of his or her intent to appear at the Final Approval Hearing in person or through counsel pursuant to this Settlement Agreement, as detailed in the Long-Form Notice, and otherwise as ordered by the Court, shall not be permitted to object to the approval of the

20

Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

59.    Any Settlement Class Member who does not submit a timely Objection in complete accordance with this Settlement Agreement and the Long-Form Notice, or as otherwise ordered by the Court, shall not be treated as having filed a valid Objection to the Settlement and shall forever be barred from raising any objection to the Settlement.

## IX.    OPT-OUT PROCEDURES

60.    Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator. Settlement Class Members may also mail or submit the exclusion form attached hereto as **Exhibit C** via the Settlement Website. The written notice must clearly manifest a Person's intent to opt-out of the Settlement Class. To be effective, written notice must be postmarked no later than the Opt-Out Date.

61.    All Persons who submit valid and timely notices of their intent to opt-out of the Settlement Class, as set forth in paragraph 60 above, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not opt-out of the Settlement Class in the manner set forth in paragraph 60 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

## X.    ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARDS

62.    Class Counsel shall request the Court to approve an award of attorneys' fees not to exceed 1/3 of the Settlement Fund plus reasonable costs and expenses incurred in prosecuting the

Doc ID: 9c2a79445ed02a25

litigation. Class Counsel's attorneys' fees, costs, and expenses awarded by the Court shall be paid no later than thirty (30) Days after the Effective Date. For the avoidance of doubt, the Court approved amount of any attorneys' fees, costs, and expenses shall be paid from the Settlement Fund. Defendant shall take no position with regard to Class Counsel's application for the Attorneys' Fees and Expenses Award if the application complies with the provisions of this section. The Parties did not discuss or agree upon any provision relating to attorneys' fees until after they agreed on all material terms of relief to the Settlement Class.

63.     Class Counsel shall request the Court to approve a service award of two thousand five hundred dollars ($2,500) for each of the named Plaintiffs, which is intended to recognize Plaintiffs for their efforts in the litigation and commitment on behalf of the Settlement Class ("Service Award"). If approved by the Court, this Service Award will be paid no later than thirty (30) Days after the Effective Date. For the avoidance of doubt, the Court approved amount for any Service Awards shall be paid from the Net Settlement Fund. The Parties did not discuss or agree upon payment of service awards until after they agreed on all material terms of relief to the Settlement Class.

64.     Class Counsel will file applications with the Court for the requested Service Awards and attorneys' fees, costs, and expenses no later than fourteen (14) Days prior to the Objection Deadline.

65.     The Parties agree that the Court's approval or denial of any request for the Service Awards or attorneys' fees are not conditions to this Settlement Agreement and are to be considered by the Court separately from final approval, reasonableness, and adequacy of the Settlement. If the Court declines to approve, in whole or in part, any request for Service Awards or for an Attorneys' Fees and Expenses Award, all remaining provisions in this Agreement shall remain in full force

Doc ID: 9c2a79445ed02a25...764

and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of Services Awards or an Attorneys' Fees and Expenses Award, or the amounts thereof, shall be grounds to terminate or cancel this Settlement Agreement.

## XI.   NOTICES

66.     All notices to the Parties required by the Settlement Agreement shall be made in writing and communicated by mail to the following addresses:

All notices to Class Counsel or Plaintiffs shall be sent to:

David S. Almeida
**Almeida Law Group LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
Tel: 312.576.3024

Nicholas A. Coulson
**Liddle Sheets Coulson P.C**
975 E. Jefferson Avenue
Detroit, Michigan 48207
Tel: (313) 392-0015

All notices to Defendant's Counsel or Defendant shall be sent to:

Daniel Rohner
**Shook, Hardy & Bacon LLP**
1660 17th Street, Suite 450
Denver, Colorado, 80202
Tel: (303) 285-5300
drohner@shb.com

Tammy Webb
**Shook, Hardy & Bacon LLP**
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 544-1900
tbwebb@shb.com

67.     Other than attorney-client communications or communications otherwise protected from disclosure pursuant to law or rule, the Parties shall promptly provide to each other copies of

Doc ID: 9c2a79445ed02a25

comments, Objections, or other documents or filings received from a Settlement Class Member as a result of the Notice Program.

## XII. SETTLEMENT APPROVAL PROCESS.

68. After execution of this Settlement Agreement, the Parties shall promptly move the Court to enter the Preliminary Approval Order, which:

   a. Preliminarily approves this Settlement Agreement;

   b. Provisionally certifies the Settlement Class;

   c. Finds the proposed Settlement is sufficiently fair, reasonable, adequate, and in the best interests of the Settlement Class;

   d. Finds the Notice Program constitutes valid, due, and sufficient notice to the Settlement Class Members, constitutes the best notice practicable under the circumstances, complying fully with the requirements of the laws of Michigan, the Constitution of the United States, and any other applicable law, and that no further notice to the Settlement Class is required beyond that provided through the Notice Program;

   e. Appoints the Settlement Administrator;

   f. Directs the Settlement Administrator to provide notice to Settlement Class Members in accordance with the Notice Program provided for in this Settlement Agreement;

   g. Approves the Claim Form and directs the Settlement Administrator to administer the Settlement in accordance with the provisions of this Settlement Agreement;

Doc ID: 9c2a79445ed02a25

h. Approves the Objection procedures as outlined in this Settlement Agreement;

i. Schedules a Final Approval Hearing to consider the final approval, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court; and,

j. Contains any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement.

## XIII. FINAL APPROVAL HEARING

67. The Parties will recommend that the Final Approval Hearing shall be scheduled no earlier than one hundred thirty (130) Days after the entry of the Preliminary Approval Order.

68. The Parties may file a response to any objections and a Motion for Final Approval no later than twenty-eight (28) Days before the Final Approval Hearing.

69. Any Settlement Class Member who wishes to appear at the Final Approval Hearing, whether *pro se* or through counsel, must, by the Objection Deadline, either mail or hand-deliver to the Court or file a notice of appearance in the Litigation, take all other actions or make any additional submissions as may be required in the Long-Form Notice, this Settlement Agreement, or as otherwise ordered by the Court, and mail that notice and any other such pleadings to Class Counsel and Defendant's Counsel as provided in the Long-Form Notice.

70. The Parties shall ask the Court to enter a Final Approval Order and Judgment which includes the following provisions:

a. A finding that the Notice Program fully and accurately informed all Settlement Class Members entitled to notice of the material elements of the Settlement,

25

constitutes the best notice practicable under the circumstances, constitutes valid, due, and sufficient notice, and complies fully with the laws of Michigan, the United States Constitution, and any other applicable law;

b.  A finding that after proper notice to the Settlement Class, and after sufficient opportunity to object, no timely objections to this Settlement Agreement have been made, or a finding that all timely objections have been considered and denied;

c.  Approval of the Settlement, as set forth in the Settlement Agreement, as fair, reasonable, adequate, and in the best interests of the Settlement Class, in all respects, finding that the Settlement is in good faith, and ordering the Parties to perform the Settlement in accordance with the terms of this Settlement Agreement;

d.  A finding that neither the Final Judgment, the Settlement, nor the Settlement Agreement shall constitute an admission of liability by any of the Parties, or any liability or wrongdoing whatsoever by any Party;

e.  Subject to the reservation of jurisdiction for matters discussed in subparagraph (g) below, a dismissal with prejudice of the Litigation;

f.  A finding that Plaintiffs shall, as of the entry of the Final Judgment, conclusively be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from the Plaintiffs' Released Claims;

g.  A finding that all Settlement Class Members shall, as of the entry of the Final Judgment, conclusively be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from the Released Class Claims; and

26

Doc ID: 9c2a79445ed02a25

h. A reservation of exclusive and continuing jurisdiction over the Litigation and the Parties for the purposes of, among other things, (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Preliminary Approval Order, and the Final Judgment; and (ii) supervising the administration and distribution of the relief to the Settlement Class and resolving any disputes that may arise with regard to the foregoing.

71. If and when the Settlement becomes Final, the Litigation shall be dismissed with prejudice, with the Parties to bear their own costs and attorneys' fees, costs, and expenses not otherwise awarded in accordance with this Settlement Agreement.

## XIV. TERMINATION OF THIS SETTLEMENT AGREEMENT

72. Each Party shall have the right to terminate this Settlement Agreement if:

a. The Court denies preliminary approval of this Settlement Agreement (or grants preliminary approval through an order that materially differs in substance to **Exhibit D** hereto);

b. The Court denies final approval of this Settlement Agreement;

c. The Final Approval Order and Final Judgment do not become final by reason of a higher court reversing final approval by the Court, and the Court thereafter declines to enter a further order or orders approving the Settlement on the terms set forth herein; or

d. The Effective Date cannot occur.

73. In addition to the grounds set forth above, Defendant shall have the sole option to withdraw from and terminate this Settlement in its entirety in the event that 10% or more of Settlement Class Members submit timely and valid requests to Opt-Out by the Opt-Out Date.

Doc ID: 9c2a79445ed02a25

74.     If a Party elects to terminate this Settlement Agreement under this Section XIV, that Party must provide written notice to the other Party's counsel, by hand delivery, mail, or e-mail within ten (10) Days of the occurrence of the condition permitting termination.

75.     Nothing shall prevent Plaintiffs or Defendant from appealing or seeking other appropriate relief from an appellate court with respect to any denial by the Court of final approval of the Settlement.

76.     If this Settlement Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then: (i) this Settlement Agreement, the Preliminary Approval Order, the Final Approval Order (if applicable), and all of their provisions shall be rendered null and void; (ii) all Parties shall be deemed to have reverted to their respective status in the Litigation as of the date and time immediately preceding the execution of this Settlement Agreement; (iii) except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed, entered into, or filed; and (iv) no term or draft of this Settlement Agreement nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), nor any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Approval Order and Final Judgment), will have any effect or be admissible into evidence for any purpose in the Litigation or any other proceeding.

77.     If the Court does not approve the Settlement or the Effective Date cannot occur for any reason, Defendant shall retain all its rights and defenses in the Litigation. For example, Defendant shall have the right to object to the maintenance of the Litigation as a class action, to move for summary judgment, and to assert defenses at trial, and nothing in this Settlement

28

Doc ID: 9c2a79445ed02a25

Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Litigation may properly be maintained as a class action, or for any other purpose.

## XV. RELEASE

78. The Final Approval Order and Final Judgment shall provide that the Litigation is dismissed with prejudice as to the Plaintiffs and all Settlement Class Members.

79. On the Effective Date, Plaintiffs and each and every Settlement Class Member shall be bound by this Settlement Agreement and shall have recourse only to the benefits, rights, and remedies provided hereunder. No other action, demand, suit, arbitration, or other claim or proceeding, regardless of forum, may be pursued against Released Persons with respect to the Plaintiffs' Released Claims or the Released Class Claims.

80. On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, Plaintiffs will be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from any and all past and present claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees and costs, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued and matured or not matured that arise out of or are connected to the Litigation, or that were or could have been asserted in the Litigation, or that relate to, concern or arise out of Defendant's implementation and use of the Third-Party Technologies, including the Meta Pixel and Google Analytics, that may have led to any Third-Party Disclosure. The Plaintiffs' Release shall be included as part of the Final Approval Order so that all claims released thereby shall be barred by principles of res judicata, collateral

Doc ID: 9c2a79445ed02a25

estoppel, and claim and issue preclusion. The Plaintiffs' Released Claims shall constitute and may be pled as a complete defense to any proceeding arising from, relating to, or filed in connection with the Plaintiffs' Released Claims.

81. On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, each Settlement Class Member will be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from any and all past and present claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees and costs, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued and matured or not matured that arise out of or are connected to the Litigation, or that were or could have been asserted in the Litigation, or that relate to, concern or arise out of Defendant's implementation and use of the Third-Party Technologies, including Meta Pixel and Google Analytics, that may have led to any Third-Party Disclosure. The Settlement Class Release shall be included as part of the Final Approval Order so that all claims released thereby shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion. The Released Class Claims shall constitute and may be pled as a complete defense to any proceeding arising from, relating to, or filed in connection with the Released Class Claims.

82. Subject to Court approval, as of the Effective Date, Plaintiffs and all Settlement Class Members shall be bound by this Settlement Agreement and the Settlement Class Release and all of Plaintiffs' Released Claims and the Released Class Claims shall be dismissed with prejudice and released.

Doc ID: 9c2a79445ed02a25

83.     The Plaintiffs' Released Claims and Released Class Claims include the release of Unknown Claims. "Unknown Claims" means claims that could have been raised in the Litigation and that any of the Plaintiffs and each of their respective heirs, executors, administrators, representatives, agents, partners, trustees, successors, attorneys, and assigns do not know to exist or suspects to exist, which, if known by him, her or it, might affect his, her, or its agreement to release Defendant and all other Released Persons, or might affect his, her, or its decision to agree to, or object or not to object to the Settlement.

84.     On entry of the Final Approval Order and Final Judgment, the Plaintiffs and Settlement Class Members shall be enjoined from prosecuting, respectively, the Plaintiffs' Released Claims and the Released Class Claims, in any proceeding in any forum against any of the Released Persons or based on any actions taken by any Released Persons authorized or required by this Settlement Agreement or the Court or an appellate court as part of this Settlement.

85.     Without in any way limiting the scope of the Plaintiffs' Release or the Settlement Class Release, the Releases cover, without limitation, any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Litigation, the Settlement, the administration of such Settlement and/or the Plaintiffs' Released Claims or the Released Class Claims as well as any and all claims for the Service Award to Plaintiffs.

86.     Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein. Nor shall the Releases be construed to release claims arising out of any injuries alleged to arise from the treatment Plaintiffs and Settlement Class Members received from Defendant.

Doc ID: 9c2a79445ed02a25

## XVI.   EFFECTIVE DATE

87.     The "Effective Date" of this Settlement Agreement shall be the first Day after the date when all of the following conditions have occurred:

a.  This Settlement Agreement has been fully executed by all Parties and their counsel;

b.  Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement Agreement, and approving the Notice Program and Claim Form, all as provided above;

c.  The Court-approved Email Notice has been emailed, other notice required by the Notice Program, if any, has been effectuated and the Settlement Website has been duly created and maintained as ordered by the Court;

d.  The Court has entered a Final Approval Order finally approving this Settlement Agreement, as provided above; and

e.  The Final Approval Order and Final Judgment have become Final, as defined in Paragraph 11(m).

## XVII.   MISCELLANEOUS PROVISIONS

88.     The recitals and exhibits to this Settlement Agreement are integral parts of the Settlement and are expressly incorporated and made a part of this Settlement Agreement.

89.     This Settlement Agreement is for settlement purposes only. Neither the fact of nor any provision contained in this Settlement Agreement nor any action taken hereunder shall constitute or be construed as an admission of the validity of any claim or any fact alleged in the Complaint or Litigation or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendant or any admission by Defendant of any claim in this Litigation or allegation made in any other proceeding, including regulatory matters, directly or indirectly involving

32

Doc ID: 9c2a79445ed02a25

Workit's implementation or use of Third-Party Technologies or any allegations asserted in the Class Action Complaint and the Litigation. This Settlement Agreement shall not be offered or be admissible in evidence against the Parties or cited or referred to in any action or proceeding between the Parties, except in an action or proceeding brought to enforce its terms. Nothing contained herein is or shall be construed or admissible as an admission by Defendant that Plaintiffs' claims, or any similar claims, are suitable for class treatment.

90. In the event that there are any developments in the effectuation and administration of this Settlement Agreement that are not dealt with by the terms of this Settlement Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court. The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Settlement Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Settlement Agreement to give this Settlement Agreement full force and effect.

91. In the event the aggregate amount of all Cash Compensation payments exceeds the total amount of the Net Settlement Fund, then the value of those payments shall be reduced on a *pro rata* basis, such that the aggregate value of the Cash Compensation payments does not exceed the Net Settlement Fund. All such determinations shall be performed by the Settlement Administrator.

92. No person shall have any claim against Plaintiffs, Class Counsel, Defendant, Defendant's Counsel, the Settlement Administrator, the Released Persons, or any of the foregoing's agents or representatives based on the administration of the Settlement substantially in accordance with the terms of the Settlement Agreement or any order of the Court or appellate court.

Doc ID: 9c2a79445ed02a25f2cb764886a378f0223a5764

93. This Settlement Agreement constitutes the entire Settlement Agreement between and among the Parties with respect to the Settlement of the Litigation. This Settlement Agreement supersedes all prior negotiations and Settlement Agreements and may not be modified or amended except by a writing signed by the Parties and their respective counsel. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part of the subject matter of this Settlement Agreement has been made or relied on except as expressly set forth in this Settlement Agreement.

94. There shall be no waiver of any term or condition in this Settlement Agreement absent an express writing to that effect by the non-waiving Party. No waiver of any term or condition in this Settlement Agreement shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or waiver of any other term or condition of this Settlement Agreement.

95. In the event a third party, such as a bankruptcy trustee, former spouse, or other third party has or claims to have a claim against any payment made to a Settlement Class Member, it is the responsibility of the Settlement Class Member to transmit the funds to such third party. Unless otherwise ordered by the Court, the Parties will have no, and do not agree to any, responsibility for such transmittal.

96. This Settlement Agreement shall not be construed more strictly against one Party than another merely because it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's-length negotiations resulting in this Settlement Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Settlement Agreement. All terms, conditions, and exhibits are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

34

97.     This Settlement Agreement shall be construed under and governed by the laws of the State of Michigan without regard to its choice of law provisions.

98.     If any press release is to be issued by the Parties, including their respective counsel, concerning the Settlement, the language of such press release must be approved in advance and in writing by the other Party. Otherwise, the Parties, and the Parties' counsel, shall not issue any press releases or make any postings on social media about this Litigation or the Settlement.

99.     In the event that one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect the other provisions of the Settlement Agreement, which shall remain in full force and effect as though the invalid, illegal, or unenforceable provision(s) had never been a part of this Settlement Agreement as long as the benefits of this Settlement Agreement to Defendant or the Settlement Class Members are not materially altered, positively or negatively, as a result of the invalid, illegal, or unenforceable provision(s).

100.    This Settlement Agreement will be binding upon and inure to the benefit of the successors and assigns of the Parties, Released Persons, and Settlement Class Members.

101.    The headings used in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement. In construing this Settlement Agreement, the use of the singular includes the plural (and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

102.    The Parties stipulate to stay all proceedings in the Litigation until the approval of this Settlement Agreement has been finally determined, except the stay of proceedings shall not

35

prevent the filing of any motions, affidavits, and other matters necessary to obtain and preserve judicial approval of this Settlement Agreement.

103.    This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it and all of which shall be deemed a single Settlement Agreement.

104.    Each Party to this Settlement Agreement and the signatories thereto warrant that he, she, or it is acting upon his, her or its independent judgment and the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

105.    Each signatory below warrants that he or she has authority to execute this Settlement Agreement and bind the Party on whose behalf he or she is executing the Settlement Agreement.

**IN WITNESS WHEREOF**, the Parties have hereby accepted and agreed to the Settlement Agreement.

**Workit Health, Inc.**

_____
**By:**
**Its:**

_____
**Samantha Nelson (Jane Doe 1)**

_____
**Sarah Pillow (Jane Doe 2)**

36

Doc ID: 9c2a79445ed02a25

prevent the filing of any motions, affidavits, and other matters necessary to obtain and preserve judicial approval of this Settlement Agreement.

103. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it and all of which shall be deemed a single Settlement Agreement.

104. Each Party to this Settlement Agreement and the signatories thereto warrant that he, she, or it is acting upon his, her or its independent judgment and the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

105. Each signatory below warrants that he or she has authority to execute this Settlement Agreement and bind the Party on whose behalf he or she is executing the Settlement Agreement.

**IN WITNESS WHEREOF**, the Parties have hereby accepted and agreed to the Settlement Agreement.

**Workit Health, Inc.**

By: Gilad Kochman

Its: CEO

_____

**Samantha Nelson (Jane Doe 1)**

_____

**Sarah Pillow (Jane Doe 2)**

36

**APPROVED AS TO FORM AND CONTENT BY COUNSEL FOR PLAINTIFFS AND THE SETTLEMENT CLASS:**

By: _____
David S. Almeida, *Esq.*
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
Tel: 312-576-3024
david@almeidalawgroup.com

By: _____
Nicholas A. Coulson, *Esq.*
**Coulson P.C**
300 Rirver Place Drive, Suite 1700
Detroit, Michigan 48207
Tel: (313) 644-2685
ncoulson@LSCcounsel.com


**APPROVED AS TO FORM AND CONTENT BY COUNSEL FOR DEFENDANT:**

By: _____
Daniel Rohner, *Esq.*
**Shook, Hardy & Bacon LLP**
1660 17th Street, Suite 450
Denver, Colorado, 80202
Tel: (303) 285-5300
drohner@shb.com

By: _____
Tammy B. Webb, *Esq.*
**Shook, Hardy & Bacon LLP**
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel:
tbwebb@shb.com

37

# Exhibit A

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0 0

| **YOUR CLAIM FORM MUST BE SUBMITTED ON OR BEFORE <<DATE>>** | In re Workit Health, Inc. [Address] | |
|---|---|---|
| | | FOR OFFICE USE ONLY |

## *In re Workit Health, Inc*

U.S. District Court for the Eastern District of Michigan (Case No. 2:23-cv-11691)

### CLAIM FORM

### SAVE TIME BY SUBMITTING YOUR CLAIM ONLINE AT WWW.XXXXXXXXXXXXX.COM

### GENERAL CLAIM FORM INFORMATION

You may complete and submit this Claim Form online or by mail if you are a Settlement Class Member. The Settlement Class consists of persons in the United States who used Workit Health, Inc.'s Website or Application (both web-based and mobile) to search for medical information, services or physicians, fill out forms, schedule appointments, sign-up for membership, register for programs or support groups, or pay for medical services between June 1, 2017 and November 23, 2022 (the "Settlement Class").

If you wish to submit a Claim for a settlement cash payment, please provide the information requested below. You must submit your Claim via the Settlement Website by the Claims Deadline of **<<date>>**, or complete and mail this Claim Form to the Settlement Administrator, postmarked by **<<date>>**.

Settlement Class Members who submit a timely and valid Claim Form will be eligible to receive a pro rata cash payment from the Net Settlement Fund. Each Settlement Class Member will receive, at most, one (1) payment.

The Notice includes only a summary of your legal rights and options. Please visit the official Settlement Website, **www.xxxxxxxxxx.com**, or call **(xxx) xxx-xxxx** for more information.

### TO SUBMIT A CLAIM FOR PAYMENT BY MAIL:

1. Complete all sections of this Claim Form.

2. Sign the Claim Form.

3. Submit the completed Claim Form to the Settlement Administrator so that it is postmarked by **<<date>>.**

This Claim Form should only be used if a Claim is being mailed and is not being filed online. You may go to **www.xxxxxxxxxxxxxx.com** to submit your Claim online, or you may submit this Claim Form by mail to the address at the top of this form.

**Payment will be mailed in the form of a check to the address you provide below. If you would like to receive a payment electronically (e.g., via Venmo, PayPal, or ACH), you must submit a Claim Form online at www.xxxxxxxxxxxxxxxx.com.**

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0 0

\*00000\*                              \*CF\*                      \*Page 1 of 2\*

00000                                        CF                              Page 1 of 2

**1.        Settlement Class Member Information**

_____  ____  _____

\*First Name                                          MI      \*Last Name

_____

\*Mailing Address: Street Address/P.O. Box (include Apartment/Suite/Floor Number)

_____  __ __  __ __ __ __ - __ __ __ __

\*City                                                      \*State        \*Zip Code          Zip4 (Optional)

_____@_____

\*Current Email Address

( __ __ __ ) __ __ __ - __ __ __ __

Current Phone Number (Optional)

\*Settlement Claim ID: 00000 ___ ___ ___ ___ ___ ___ ___ ___

\*Settlement Claim ID: Your Settlement Claim ID can be found on the Postcard Notice you received informing you about this Settlement. If you need additional help locating this ID, please contact the Settlement Administrator at (xxx) xxx-xxxx.

\*00000\*                              \*CF\*                      \*Page 2 of 2\*

00000                                        CF

**2.  Certification**

I declare under penalty of perjury under the laws of the United States and the state where this Claim Form is signed that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0 0

I understand that all information provided on this Claim Form is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim will be considered complete and valid.

_____          ___ ___ / ___ ___/ ___ ___ ___ ___

Signature                                                                    Date (mm/dd/yyyy)

_____

Print Name

**Please keep a copy of your completed Claim Form for your records.**

Mail your completed Claim Form to the Settlement Administrator:

In re: Workit Health, Inc.

[Settlement Administrator Address]

or submit your Claim online at
**www.xxxxxxxxxxx.com**

It is your responsibility to notify the Settlement Administrator of any changes to your contact information after you submit your Claim. You can update your contact information on the Contact page at
**www.xxxxxxxxxxxxxx.com.**

# Exhibit B

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
FOR USERS OF THE WORKIT HEALTH WEBSITE OR APPLICATION (BOTH WEB-
BASED AND MOBILE) TO SEARCH FOR MEDICAL INFORMATION, SERVICES OR
PHYSICIANS, FILL OUT FORMS, SCHEDULE APPOINTMENTS, SIGN-UP FOR
MEMBERSHIP, REGISTER FOR PROGRAMS OR SUPPORT GROUPS, OR PAY FOR
MEDICAL SERVICES BETWEEN JUNE 1, 2017 AND NOVEMBER 23, 2022.**

***Doe v. Workit Health, Inc.*, Case No. 2:23-cv-11691-LVP-DRG (E.D. Mich.)**

*A United States District Court authorized this Notice. This is not a solicitation from a lawyer.*

**THIS IS A NOTICE OF A PROPOSED SETTLEMENT OF A CLASS ACTION LAWSUIT.
THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS ARE AFFECTED EVEN IF YOU DO NOTHING.**

**PLEASE READ THIS NOTICE CAREFULLY.**

**YOU MAY BE ENTITLED TO PARTICIPATE IN A CLASS ACTION
SETTLEMENT BECAUSE CERTAIN INFORMATION REGARDING YOUR USE OF
WORKIT HEALTH, INC.'S WEBSITE AND APPLICATION  BETWEEN JUNE 1, 2017
AND NOVEMBER 23, 2022 MAY HAVE BEEN DISCLOSED OR ACCESSIBLE TO
THIRD PARTIES SUCH AS GOOGLE**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM BY <<date>>** | If you submit a Claim Form by **<<DATE>>,** you **may** receive a pro rata share of the Net Settlement Fund as compensation. You must timely submit a Claim Form either via U.S. mail or online to receive monetary compensation under this Settlement.<br><br>**IF YOU DO NOTHING**, you will not receive Settlement benefits, but you will still be bound by the Settlement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY <<date>>** | You will receive no benefits, but you will retain any legal claims you may have against Workit Health. |
| **OBJECT BY <<date>>** | File with the Court a written objection to the Settlement, at the address below, about why you do not like the Settlement. You must remain in the Settlement Class to object to the Settlement. |

| GO TO THE FINAL APPROVAL HEARING ON <<date>> AT <<time>> | Ask to speak in Court about the fairness of the Settlement. You do not need to attend the hearing to object to the Settlement, or to receive monetary compensation under the Settlement. |
| --- | --- |

## 1. What is this Notice?

This is a court-authorized Long-Form Notice of a proposed Settlement (the "Settlement") of a class action lawsuit (the "Litigation"), *Doe v. Workit Health, Inc.*, Case No. 2:23-cv-11691-LVP-DRG, pending in the U.S. District for the Central District of California (the "Court"). The Settlement would resolve the Litigation alleging that that Workit Health, Inc.'s ("Workit") implementation and use of certain third-party website technologies ("Third-Party Technologies"), including the Meta Pixel and Google Analytics, on its website at www.workithealth.com, and a web-based app webform at https://app.workithealth.com (collectively, "Website"), as well as mobile applications ("Applications"), may have led to the disclosure of certain personal or health-related information to third-party vendors (the "Third-Party Disclosure"). The Court has granted Preliminary Approval of the Settlement Agreement and has conditionally certified the Settlement Class for purposes of Settlement only. This Long-Form Notice explains the nature of the Litigation, the terms of the Settlement Agreement, and the legal rights and obligations of members of the Settlement Class. Please read the instructions and explanations below carefully so that you can better understand your legal rights. The Settlement Administrator in this case is **Insert Name**.

## 2. Why did I get this Notice?

You were identified as a person who may have used Workit's Website or Applications, and thus, Plaintiff alleges in this Litigation that information about your actions on those digital platforms may have been accessible or disclosed to third parties, like Google.

## 3. What is this lawsuit about?

The Litigation arises out of Workit's alleged implementation and use of the Third-Party Technologies on its Website and Applications, which Plaintiff contends resulted in certain information being shared with Google, allegedly resulting in an invasion of Plaintiff's and Settlement Class Members' privacy.

## 4. Why is this a class action?

A class action is a lawsuit in which an individual called a "Class Representative" brings a single lawsuit on behalf of other people who have similar claims. In a class action settlement, all of these people together are a "Settlement Class" or "Settlement Class Members." When a class action is settled, the Settlement, which must be approved by the Court, resolves the claims for all Settlement Class Members, except for those who exclude themselves from the Settlement.

### 5. Why is there a settlement?

To resolve this matter without the expense, delay, and uncertainties of protracted litigation, the Parties reached a Settlement that, if approved by the Court, would resolve all claims brought on behalf of the Settlement Class related to Workit's use of Third-Party Technologies on its Website and Applications. If approved by the Court, the Settlement Agreement provides for cash compensation from Workit to Settlement Class Members who submit valid and timely Claim Forms. Workit denies that it did anything wrong or that any personal or health-related information was actually disclosed to third-parties, and the Settlement is not an admission of wrongdoing by Workit and does not imply that there has been, or would be, any finding that Workit violated the law.  Further, the Court overseeing the Litigation has not determined that Workit did anything wrong.

The Court already has preliminarily approved the Settlement Agreement. Nevertheless, because the settlement of a class action determines the rights of all members of the Settlement Class, the Court overseeing this Litigation must give final approval to the Settlement Agreement before it can be effective. The Court has conditionally certified the Settlement Class for settlement purposes only, so that members of the Settlement Class may be given notice and the opportunity to exclude themselves from the Settlement Class or to voice their support or opposition to final approval of the Settlement Agreement. If the Court does not grant final approval to the Settlement Agreement, or if it is terminated by the Parties, then the Settlement Agreement will be void, and the Litigation will proceed as if there had been no settlement and no certification of the Settlement Class.

### 6. How do I know if I am a part of the Settlement?

You are a member of the Settlement Class if you used Defendant's Website or Application (both web-based and mobile) to search for medical information, services or physicians, fill out forms, schedule appointments, sign-up for membership, register for programs or support groups, or pay for medical services between June 1, 2017 and November 23, 2022.

Excluded from the Settlement Class are: (i) Workit, any entity in which Workit has a controlling interest, and Workit's affiliates, parents, subsidiaries, officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly excludes themselves from the Settlement..

## YOUR BENEFITS UNDER THE SETTLEMENT

### 7. What can I get from the Settlement?

Settlement Class Members who file a valid and timely Claim Form may receive a pro rata cash payment from the Net Settlement Fund. The Net Settlement Fund is what remains of the $578,680 Settlement Fund following the payment of Notice and Settlement Administration Costs, Class

*QUESTIONS? VISIT WWW.XXXXXXXXXXX.COM*

Representative Service Award ($2,500 per Class Representative), and Attorneys' Fees and Expenses Award (fees up to one third of the Settlement Fund or $192,893 plus expenses up to $15,000), subject to the Court's approval.

***To receive Settlement benefits, you must submit a Claim Form by _____***

| 8. When will I receive the benefits? |
| --- |

If you timely submit a valid Claim Form for a cash payment, you will receive payment in the amount approved by the Settlement Administrator once the Settlement is Final and has become effective.

| 9. I want to be a part of the Settlement. What do I do? |
| --- |

All Settlement Class Members are part of the Settlement unless they request to be excluded from it. To submit a claim for cash compensation, you must timely submit the Claim Form on the Settlement Website at www.xxxxxxxxxx.com, or by mail to In re Workit Health, Inc. c/o **insert name of Settlement Administrator** [insert address]

You must submit any claims by **<<date>>**. There can be only one (1) valid and timely Claim per Settlement Class Member.

| 10. What am I giving up if I remain in the Settlement? |
| --- |

By staying in the Settlement Class, you will give Workit a "release," and all the Court's orders will apply to you and bind you. A release means you cannot sue or be part of any other lawsuit or other legal action against Wortkit about or arising from the claims or issues in this Litigation, including Workit's use of Third-Party Technologies on Website and Applications.

The precise terms of the release are in the Settlement Agreement, which is available on the Settlement Website. Unless you formally exclude yourself from this Settlement, you will release your claims. If you have any questions, you can talk for free to Class Counsel identified below who have been appointed by the Court to represent the Settlement Class, or you are welcome to talk to any other lawyer of your choosing at your own expense.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to remain in the Settlement, and instead want to keep any legal claims you may have against Workit, then you must take steps to exclude yourself from this Settlement.

| 11. How do I get out of the Settlement? |
| --- |

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from *Doe v. Workit Health, Inc.,* Case No. 2:23-cv-11691-LVP-DRG (E.D. Mich.) to the

Settlement Administrator. Such notice must include: (1) the case name and number of the Litigation (*Doe v. Workit Health, Inc.,* Case No. 2:23-cv-11691-LVP-DRG (E.D. Mich.); (2) your full name, address, and telephone number; (3) your personal and original signature; and (4) a written statement that you wish to be excluded from the Settlement. You may only request exclusion for yourself, and no one else can request exclusion for you. You must mail your exclusion request so that it is postmarked **no later than <<date>>**, to:

In re: Workit Health, Inc.
c/o **Insert Settlement Admin**
[insert address]

| **12. If I exclude myself, do I still receive benefits from this Settlement?** |
| --- |

No, if you submit an exclusion request, you will not receive anything from the Settlement, but you retain your right to sue Workit over the claims raised in the Litigation.

## THE LAWYERS REPRESENTING THE SETTLEMENT CLASS

| **13. Do I have a lawyer in this case?** |
| --- |

The Court has appointed the following attorneys to represent the Settlement Class as Class Counsel:

**Class Counsel**

David S. Almeida
**Almeida Law Group LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
Tel: 312.576.3024

Nicholas A. Coulson
**Coulson P.C**
300 River Place Drive, Suite 1700
Detroit, Michigan 48207
Tel: (313) 644-2685

If you want to be represented by your own lawyer, you may hire one at your own expense.

| **14. How will the lawyers for the Settlement Class be paid?** |
| --- |

Class Counsel will be paid from the Settlement Fund. Class Counsel will seek Court approval to be paid reasonable attorneys' fees up to one-third of the Settlement Fund, plus their expenses incurred in the Litigation up to $15,000. The motion for attorneys' fees and expenses will be posted on the Settlement Website after it is filed.

## OBJECTING TO THE SETTLEMENT

*QUESTIONS? VISIT WWW.XXXXXXXXXXX.COM*

5

**15. How do I tell the Court that I do not like the Settlement?**

If you are a Settlement Class Member, you can object to the Settlement, or some part of it, and the Court will consider your views. In order to object to the Settlement, you must submit a written objection (such as a letter or legal brief) stating that you object and the reasons why you think the Court should not approve some or all of the Settlement. Your objection must include: (i) the case name and number of the Litigation; (ii) set forth the Settlement Class Member's full name, current address, telephone number, and email address; (iii) contain the Settlement Class Member's personal and original signature; (iv) if the objecting Settlement Class Member is represented by an attorney, or received assistance from an attorney in drafting his or her objection, the name, address, telephone number, and email address of the attorney; (v) contain a statement indicating the basis for the objecting Settlement Class Member's belief that he or she is a member of the Settlement Class; (vi) state whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (vii) set forth a statement of the legal and/or factual basis for the Objection; and (viii) state whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.  If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your attorney

If you file an objection, you may still receive benefits under the Settlement so long as you timely file a valid claim. To be timely, written notice of an objection in the appropriate form described above must be filed with the Court no later than the Objection Deadline, as noted below:

United States District Court for the Eastern District of Michigan
[Insert Address]

# THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to grant final approval of the Settlement. You may attend if you wish, but you are not required to do so.

**16. Where and when is the Final Approval Hearing?**

The Court has already given Preliminary Approval to the Settlement Agreement. A final hearing on the Settlement, called a Final Approval Hearing, will be held to determine the fairness of the Settlement Agreement.

The Court will hold a hearing on **<<date>>, at <<time>> PT** in the courtroom of the Honorable Hon. Linda V. Parker, Courtroom [Insert], which is located at [Insert Address]. The purpose of the hearing will be for the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class and to determine the appropriate amount of compensation for Class Counsel and rule on the request for a Service Award for the Class Representative. At that hearing, the Court will be available to hear any objections and arguments

concerning the fairness of the proposed Settlement. The Court will then decide whether to approve the Settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THE FINAL APPROVAL HEARING TO RECIEVE BENEFITS FROM THIS SETTLEMENT. Please be aware that the hearing may be postponed to a later date without notice.

## GETTING MORE INFORMATION – CONTACT:

This notice only provides a summary of the proposed Settlement. Complete details about the Settlement can be found in the Settlement Agreement available on the Settlement Website.

### www.xxxxxxxxxxxxxxxx.com

If you have any questions, you can contact the Settlement Administrator or Class Counsel at the phone numbers listed above. In addition to the documents available on the Settlement Website, all pleadings and documents filed in this Litigation may be reviewed or copied at the Clerk of Court's office.

**DO NOT CALL OR SEND ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, OR WORKIT OR ITS COUNSEL. ALL QUESTIONS ABOUT THE SETTLEMENT SHOULD BE REFERRED TO THE SETTLEMENT ADMINISTRATOR OR CLASS COUNSEL.**

*QUESTIONS? VISIT WWW.XXXXXXXXXXXX.COM*

# Exhibit C

Work Health Inc
[address]

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, STATE ZIP
PERMIT NO. XXXX

<<Barcode>> Class Member ID:

<<Refnum>>

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

## NOTICE OF CLASS ACTION SETTLEMENT

You may be entitled to submit a claim for monetary compensation under a proposed class action settlement.

**www.xxxxxxxxxxx.com**

## WHO IS A CLASS MEMBER?

In the lawsuit *Doe 1 v. Workit Health, Inc.*, 2:23-CV-11691-LVP-DRG, you are a Settlement Class Member if you used Defendant's Website or are a Settlement Class Member if you used Defendant's Website or www.workithealth.com, and/or its web-based app webform at https://app.workithealth.com (collectively, "Website"), and/or its mobile applications ("Applications") to search for medical information, services or physicians, fill out forms, schedule appointments, sign-up for membership, register for programs or support groups, or pay for medical services between June 1, 2017 and November 23, 2022. Workit denies any wrongdoing and all the claims asserted against it, and the Court has not ruled that Workit did anything wrong.

## WHAT ARE THE SETTLEMENT BENEFITS AND TERMS?

Settlement Class Members who submit a valid Claim Form may receive a pro rata cash payment from the Net Settlement Fund. The Net Settlement Fund is what remains of the $578,680 Settlement Fund following the payment of the Notice and Settlement Administration Costs, any Class Representative Service Award ($2,500 per Class Representative), and any Attorneys' Fees and Expenses Award (up to one-third of the Settlement Fund, plus up to $15,000 in expenses). More information, including a copy of the Settlement Agreement, is available at www.xxxxxxxxxxxxx.com.

## WHAT ARE YOUR RIGHTS AND OPTIONS?

**Submit a Claim Form**. To qualify for a cash payment, you must timely mail a Claim Form that is attached to this notice or complete and submit a Claim Form online at www.xxxxxxxxxxxxx.com. Your Claim Form must be postmarked or submitted online no later than _____, **2024**.

**Opt-Out**. You may exclude yourself from the Settlement and retain your right to sue Workit by mailing a written request for exclusion to the Settlement Administrator that is postmarked no later than _____, **2024**. If you do not exclude yourself, you will be bound by the Settlement and give up your right to sue regarding the released claims.

**Object**. If you do not exclude yourself, you have the right to object to the Settlement. Written objections must be filed with the Court no later than _____, **2024**, and provide the reasons for the objection.

**Do Nothing**. If you do nothing, you will not receive a Settlement payment and will lose the right to sue regarding the released claims. You will be bound by the Court's decision because this is a conditionally certified class action.

**Attend the Final Approval Hearing**. The Court will hold a **Final Approval Hearing at _____ m. on _____, 2024**, in the U.S. District Courthouse at [Insert Address], to determine if the Settlement is fair, reasonable, and adequate. You may appear at the Final Approval Hearing, but you do not have to.

## Who are the attorneys for the Plaintiffs and the proposed Settlement Class?

The Court appointed David S. Almeida of Almeida Law Group LLC located at 849 W. Webster Avenue in Chicago, Illinois 60614, and Nicholas A. Coulson of Coulson P.C located at 300 River Place Drive, Suite 1700in Detroit, Michigan 48207 as Class Counsel to represent the Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

**Do I have any obligation to pay attorneys' fees or expenses?** No. Any attorneys' fees and expenses will be paid exclusively from the Settlement Fund as approved by the Court. The motion for attorneys' fees and expenses will be posted on the Settlement Website after it is filed with the Court.

**What is the amount of the Class Representative Service Awards**? The named Plaintiffs, also called the Class Representatives, will seek a Service Award in the amount of $2,500 for their efforts in this case.

**Who is the Judge overseeing this settlement?** Judge Linda V. Parker, United States District Judge, Eastern District of Michigan.

**Where can I learn more about the case, the Settlement, and my options?** www.xxxxxxxxxxxxx.com.

_____

In re Workit Health, Inc.
[insert address]

<<Refnum>>

**CLAIM FORM**

Claims for a cash payment must be postmarked no later than _____, 2024. You may also submit a Claim Form online at www.xxxxxxxxxx.com no later than _____, 2024.

NAME: _____

ADDRESS:_____

**Cash Payment**: Would you like to receive a cash payment under the Settlement? (circle one)      Yes          No

If you are a Settlement Class Member, you may receive a cash payment from the Net Settlement Fund after all claims are received.

**By signing my name below, I confirm that I would like to receive a cash payment under the Settlement.**

_____ **(signature)**

# Exhibit D

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

JANE DOE 1 and JANE DOE 2, *on behalf of themselves and all others similarly situated*,

                Plaintiffs,

v.

WORKIT HEALTH, INC.,

                Defendant.

Case No. 2:23-CV-11691-LVP-DRG

Hon. Linda V. Parker
Magistrate Judge David R. Grand

## [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

Plaintiffs JANE DOE 1 and JANE DOE 2, individually and on behalf of each member of the Settlement Class, moved this Court pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order preliminarily approving the proposed settlement of this lawsuit in accordance with the Settlement Agreement and Release (the "Agreement")[1] filed with this Court, and the Court having read and considered the Agreement, and Plaintiffs and Defendant having consented to the entry of this Order:

IT IS HEREBY ORDERED:

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Agreement.

1.      The Agreement, and all of its terms and conditions, is preliminarily approved as fair, just, reasonable and adequate, subject to further consideration at a Fairness Hearing.

2.      For purposes of settlement only, the Court conditionally certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3). The Court further finds that all of the requirements of Fed. R. Civ. P. 23(a) and (e)(1) are satisfied. Jane Doe 1 and Jane Doe 2 are appointed as representatives of the Settlement Class, and Nicholas A. Coulson and David S. Almeida are hereby appointed as Class Counsel.

3.      The Court appoints EisnerAmper as Settlement Administrator (the "Administrator"). The Administrator shall perform all duties set out in the Agreement as established therein.

4.      The Court approves the form of the Class Notices (Exhibits A and B to the Agreement) and directs that the Administrator shall serve same upon the Settlement Class in compliance with the Agreement.  The Court finds that service of the Settlement Notice in this manner constitutes the best notice practicable under the circumstances to members of the Settlement Class and complies fully with the provisions set forth in Federal Rule of Civil Procedure 23(e)(1) and any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law.  The Court further finds that the Class Notices clearly and concisely inform the Settlement Class of their rights and options

with respect to the proposed settlement, in plain, easily understood language, in conformance with the requirements of Federal Rule of Civil Procedure 23.

5.      As provided for in the Class Notice, the Settlement Class shall be afforded the right to either Opt-Out of the Settlement Agreement or object to the final approval of this Settlement.

7.      The Final Fairness Hearing is scheduled for _____ ___, 2024 at _____, at which time the Court will consider the entry of a Final Order and Judgment, as well as Plaintiffs' anticipated request for fees, expenses, and incentive awards.

8.      Members of the Settlement Class shall have until sixty (60) days after the issuance of Notice to Opt-Out of the Settlement Class.  Any Class Member who chooses to Opt-Out shall be excluded from the Settlement Class and shall have no rights under the Agreement.  A request for exclusion must comply with the requirements in Section IX of the Agreement. All Persons who submit valid and timely notices of their intent to opt-out of the Settlement Class, as set forth in paragraph 60 of the Agreement, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not opt-out of the Settlement Class in the manner set forth in paragraph 60 of the Agreement shall be bound by the terms of the Agreement and Judgment entered thereon.

9.     All members of the Settlement Class who do not Opt-Out of the settlement shall have sixty (60) days after the issuance of Notice to object to the proposed settlement. Any objection must comply with the requirements in Section VIII. of the Agreement. Objections must be filed with the Court and served on Class Counsel and Defendant's Counsel no later than sixty (60) Days after the Notice Date (the "Objection Deadline"). The Objection Deadline shall be included in the Short-Form and Long-Form Notices. Class Counsel and Defendant's Counsel may, but need not, respond to the Objections, if any, by means of a memorandum of law served prior to the Final Approval Hearing. An objecting Settlement Class Member has the right, but is not required, to attend the Final Approval Hearing. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court (as well as serve the notice on Class Counsel and Defendant's Counsel) by the Objection Deadline. Any member of the Settlement Class who fails to timely object substantially in the manner prescribed herein or to appear at the Fairness Hearing may be deemed to have waived his or her objections and forever be barred from making any such objections in this action. Only members of the Settlement Class shall have the right to object to the settlement.

IT IS SO ORDERED.


DATED: _____


4

BY:_____

      HON. LINDA V. PARKER
      United States District Judge

5