UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHER DIVISION

JANE DOE 1 and JANE DOE 2, on
behalf of themselves and all others
similarly situated,

        Plaintiffs,        Case No. 23-cv-11691
v.        Honorable Linda V. Parker

WORKIT HEALTH, INC.,

        Defendant.

## OPINION AND ORDER GRANTING MOTION FOR ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT (ECF NO. 12)

Plaintiffs Jane Doe 1 and Jane Doe 2, individually and on behalf of each member of the Settlement Class, moved this Court pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order preliminarily approving the proposed settlement of this lawsuit in accordance with the Settlement Agreement and Release (the "Agreement")[1] filed with this Court. Having read and considered the Agreement, and Plaintiffs and Defendant having consented to the entry of this Order, the Court orders as follows:

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Agreement.

1. The Agreement, and all of its terms and conditions, is preliminarily approved as fair, just, reasonable and adequate, subject to further consideration at a Fairness Hearing.

2. For purposes of settlement only, the Court conditionally certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3). The Court further finds that all of the requirements of Fed. R. Civ. P. 23(a) and (e)(1) are satisfied. Jane Doe 1 and Jane Doe 2 are appointed as representatives of the Settlement Class, and Nicholas A. Coulson and David S. Almeida are hereby appointed as Class Counsel.

3. The Court appoints EisnerAmper as Settlement Administrator (the "Administrator"). The Administrator shall perform all duties set out in the Agreement as established therein.

4. The Court approves the form of the Class Notices (Exhibits A and B to the Agreement) and directs that the Administrator shall serve same upon the Settlement Class in compliance with the Agreement. The Court finds that service of the Settlement Notice in this manner constitutes the best notice practicable under the circumstances to members of the Settlement Class and complies fully with the provisions set forth in Federal Rule of Civil Procedure 23(e)(1) and any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law. The Court further finds that the

Class Notices clearly and concisely inform the Settlement Class of their rights and options with respect to the proposed settlement, in plain, easily understood language, in conformance with the requirements of Federal Rule of Civil Procedure 23.

5. As provided for in the Class Notice, the Settlement Class shall be afforded the right to either Opt-Out of the Settlement Agreement or object to the final approval of this Settlement.

7. The Final Fairness Hearing is scheduled for **February 6, 2025 at 2:00 p.m.**, at which time the Court will consider the entry of a Final Order and Judgment, as well as Plaintiffs' anticipated request for fees, expenses, and incentive awards.

8. Members of the Settlement Class shall have until **sixty (60) days** after the issuance of Notice to Opt-Out of the Settlement Class. Any Class Member who chooses to Opt-Out shall be excluded from the Settlement Class and shall have no rights under the Agreement. A request for exclusion must comply with the requirements in Section IX of the Agreement. All Persons who submit valid and timely notices of their intent to opt-out of the Settlement Class, as set forth in paragraph 60 of the Agreement, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not opt-out of

the Settlement Class in the manner set forth in paragraph 60 of the Agreement shall be bound by the terms of the Agreement and Judgment entered thereon.

9. All members of the Settlement Class who do not Opt-Out of the settlement shall have **sixty (60) days** after the issuance of Notice to object to the proposed settlement. Any objection must comply with the requirements in Section VIII. of the Agreement. Objections must be filed with the Court and served on Class Counsel and Defendant's Counsel no later than sixty (60) Days after the Notice Date (the "Objection Deadline"). The Objection Deadline shall be included in the Short-Form and Long-Form Notices. Class Counsel and Defendant's Counsel may, but need not, respond to the Objections, if any, by means of a memorandum of law served prior to the Final Approval Hearing. An objecting Settlement Class Member has the right, but is not required, to attend the Final Approval Hearing. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court (as well as serve the notice on Class Counsel and Defendant's Counsel) by the Objection Deadline. Any member of the Settlement Class who fails to timely object substantially in the manner prescribed herein or to appear at the Fairness Hearing may be deemed to have waived his or her objections and forever be barred from making any such objections in this

action.  Only members of the Settlement Class shall have the right to object to the settlement.

      **IT IS SO ORDERED.**

Dated: September 7, 2024       s/LINDA V. PARKER
                                       UNITED STATES DISTRICT JUDGE