## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

JANE DOE 1 and JANE DOE 2, *on behalf of themselves and all others similarly situated*,

        Plaintiffs,

   v.

WORKIT HEALTH, INC.,

        Defendant.

Case No.: 2:23-CV-11691-LVP-DRG

Hon. Linda V. Parker

Magistrate Judge David R. Grand

## PLAINTIFFS' UNOPPOSED MOTION FOR
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to Federal Rule of Civil Procedure 23(e)(2), Plaintiffs Jane Doe 1 and Jane Doe 2, on behalf of themselves and all others similarly situated, hereby move this Court for final approval of the class action Settlement[1] that this Court preliminarily approved on September 7, 2024 (ECF No. 14).

Plaintiffs respectfully request this Honorable Court to:

1. Grant final certification of the Settlement Class for settlement purposes pursuant to Rule 23(a) and (b)(3);
2. Finally appoint Plaintiffs Jane Doe 1 and Jane Doe 2 as Class

---

[1] Unless otherwise indicated, capitalized terms used in this Motion and Brief in Support have the same meanings as in the Settlement Agreement, attached as **Exhibit 1** to the Joint Counsel Declaration in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, which is **Exhibit A** to the Brief in Support.

Representatives;

3. Finally appoint David S. Almeida of Almeida Law Group LLC and Nicholas A. Coulson of Coulson P.C. as Class Counsel;

4. Find that the Notice Plan satisfied the requirements of Rule 23(c)(2)(B);

5. Find that the terms of the Settlement Agreement are fair, reasonable, and adequate and are approved, adopted, and incorporated by the Court;

6. Direct the Parties, their respective attorneys, and the Settlement Administrator to consummate the Settlement in accordance with the [Proposed] Final Judgment Approving Class Action Settlement ("[Proposed] Final Judgment") and terms of the Settlement Agreement; and

7. Resolve all claims as to all Parties and Class Members in this action and issue the [Proposed] Final Judgment.

Plaintiffs' request for final approval is based on the following: (i) this Motion; (ii) the Brief in Support filed herewith; (iii) the Joint Counsel Declaration of David S. Almeida and Nicholas A. Coulson in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, attached as Exhibit A to the Brief in Support; (iv) the Settlement Agreement and accompanying Exhibits (Exhibit 1 to the Joint Counsel Declaration); (v) the Declaration of Elena MacFarland Regarding the Status of Settlement Notice Program and in Support of Plaintiffs' Motion for Final Approval by the court-appointed Settlement Administrator, EisnerAmper, attached as Exhibit B to the Brief in Support; (vi) Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Brief in Support, and Supporting Declarations (ECF No. 12); (vii) all other pleadings and papers on file in this action; and (viii) any oral argument that may be heard by this Court at or prior to the Final Approval Hearing.

The undersigned counsel certifies that counsel communicated with counsel for the Defendant explaining the nature of the relief to be sought by way of this Motion and seeking concurrence in the relief. Defendant's Counsel indicated that Defendant does not oppose Plaintiffs' Motion.

Therefore, and for the reasons set forth in Plaintiffs' Brief in Support of their Unopposed Motion for Final Approval of Class Action Settlement, Plaintiffs respectfully request that the Court grant final approval to the Class Action Settlement and enter final judgment.[2]

Dated: January 9, 2025                    Respectfully Submitted,

                    */s/ David S. Almeida*
                    David S. Almeida
                    **ALMEIDA LAW GROUP LLC**
                    894 W. Webster Avenue
                    Chicago, Illinois 60614
                    T: (708) 529-5418
                    david@almeidalawgroup.com

                    **COULSON P.C.**
                    Nicholas A. Coulson
                    300 River Place Drive
                    Detroit, MI 48207
                    T: (313) 644-2685
                    nick@coulsonpc.com

                    *Attorneys for Plaintiffs & the Class*

---

[2] Attached to the Brief in Support are copies of a proposed Final Approval Order (**Exhibit C**) and proposed Final Judgment (**Exhibit D**).

3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2, *on behalf of themselves and all others similarly situated*,<br><br>   Plaintiffs,<br><br> v.<br><br>WORKIT HEALTH, INC.,<br><br>   Defendant. | Case No.: 2:23-CV-11691-LVP-DRG<br><br>Hon. Linda V. Parker<br><br>Magistrate Judge David R. Grand |

## BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION
## FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# **TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................................1

II.    Summary of Plaintiffs' Claims. ......................................................2

III.   SUMMARY OF LITIGATION.......................................................3

IV.   THE SETTLEMENT TERMS .........................................................4

V.    THE NOTICE PLAN COMPORTS WITH DUE PROCCESS....................6

VI.   THE SETTLEMENT CLASS MEETS THE REQUIREMENTS OF RULE 23 AND SHOULD BE CERTIFIED. ..................................................9

   A.   Rule 23(a) Requirements Are Met for Settlement Purposes.......................9

   B.   Rule 23(b) Requirements Are Met for Purposes of Settlement. .................13

      1.   Common Questions of Law and Fact Predominate...............................14

      2.   A Class Action Is the Superior Method of Adjudication. ......................15

VII.   THE SETTLEMENT SHOULD BE FINALLY APPROVED.....................15

   A.   Rule 23(e)(2) Factors Weigh in Favor of Final Approval. .......................17

   B.   The Sixth Circuit's *UAW* Factors Weigh in Favor of Final Approval........17

      1.   There Is No Risk of Fraud or Collusion. ................................................17

      2.   Litigation Through Trial Would be Complex, Costly, and Long...........18

      3.   Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly...........................................................................19

      4.   Plaintiffs Face Real Risks if the Case Proceeds. ....................................20

      5.   Class Counsel and Class Representatives Support the Settlement.........21

      6.   The Reaction of Absent Class Members Is Uniformly Positive. ...........21

      7.   The Settlement Serves the Public Interest. .............................................22

VIII.  CLASS COUNSEL SHOULD RECEIVE FINAL APPOINTMENT. .......23

IX.   CONCLUSION.............................................................................24

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                   **Page(s)**

*Amchem Prod., Inc. v. Windsor*,
  521 U.S. 591 (1997) ............................................................................ 13, 14, 15

*Beattie v. CenturyTel, Inc.*,
  511 F.3d 554 (6th Cir. 2007) ........................................................................ 11, 13

*Bittinger v. Tecumseh Prods. Co.*,
  123 F.3d 877 (6th Cir. 1997) ................................................................................11

*Calloway v. Caraco Pharm. Lab'ys., Ltd.*,
  287 F.R.D. 402 (E.D. Mich. 2012) ...................................................................15

*Curry v. SBC Commc'ns, Inc.*,
  250 F.R.D 301 (E.D. Mich. 2008) .......................................................................9

*Dick v. Sprint Commc'ns Co. L.P.*,
  297 F.R.D. 283 (W.D. Ky. 2014)...........................................................................6

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974)........................................................................................6, 22

*Fidel v. Farley*,
  534 F.3d 508 (6th Cir. 2008) .................................................................................7

*Garner Properties & Mgmt., LLC v. City of Inkster*,
  333 F.R.D. 614 (E.D. Mich. 2020) ....................................................................11

*George v. Acad. Mortg. Corp.*,
  369 F. Supp. 3d 1356 (N.D. Ga. 2019)...............................................................22

*Hall v. Oakland Cnty.*,
  2024 WL 209702 (E.D. Mich. Jan. 19, 2024) ...................................................13

*Halliday v. Weltman, Weinber & Reis Co., L.P.A.*,
  2013 WL 692856 (E.D. Mich. Feb. 26, 2013)...................................................15

*Hanlon v. Chrysler*,
  150 F.3d 1011 (9th Cir. 1998) ............................................................................21

*In re Cardizem CD Antitrust Litig.*,
  218 F.R.D. 508 (E.D. Mich. 2003) ............................................................... 21, 22

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*,
  2009 WL 5184352 (W.D. Ky. Dec. 22, 2009) .....................................................7

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
  722 F.3d 838 (6th Cir. 2013) ...............................................................................14

*Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*,
  497 F.3d 615 (6th Cir. 2007) ....................................................................... *passim*

*Kinder v. Nw. Bank*,
  278 F.R.D. 176 (W.D. Mich. 2011) ......................................................................9

*Leonhardt v. ArvinMeritor, Inc.*,
  581 F. Supp. 2d 818 (E.D. Mich. 2008).......................................................... 16, 18

*Machesney v. Lar-Bev of Howell, Inc.*,
  317 F.R.D. 47 (E.D. Mich. 2016) ........................................................................14

*Massiah v. MetroPlus Health Plan, Inc.*,
  2012 WL 5874655 (E.D.N.Y. Nov. 20, 2012) ....................................................22

*Olden v. Gardner*,
  294 F. App'x 210 (6th Cir. 2008) ........................................................................21

*Powers v. Hamilton Cty. Pub. Def. Comm'n*,
  501 F.3d 592 (6th Cir. 2007) ...............................................................................14

*Sheick v. Auto. Component Carrier, LLC*,
  2010 WL 3070130 (E.D. Mich. Aug. 2, 2010)....................................................18

*Sprague v. General Motors Corp.*,
  133 F.3d 388 (6th Cir. 1998) ...............................................................................11

*UAW of Am. v. Ford Motor Co.*,
  2008 WL 4104329 (E.D. Mich. Aug. 29, 2008)..................................................21

*UAW v. Gen. Motors Corp.*,
  2006 WL 891151 (E.D. Mich. Mar. 31, 2006).................................................6, 18

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ............................................................................................ 10

*Williams v. Vukovich*,
    720 F.2d 909 (6th Cir. 1983) .......................................................................... 16

**Statutes**

28 U.S.C. § 1715 ..................................................................................................... 8

**Rules**

Fed. R. Civ. P. 23 ........................................................................................... *passim*

**Other Authorities**

4 Newberg and Rubenstein on Class Actions § 13:48 (6th ed.) ............................. 23

## **STATEMENT OF ISSUES PRESENTED**

1.     Should the Court grant final certification of the Settlement Class pursuant to Federal Rules of Civil Procedure Rule 23(a) and (b)(3)?

**Plaintiffs' Answer: Yes**

2.     Should the court finally appoint Plaintiffs Jane Doe 1 and Jane Doe 2 as Class Representatives because they have fairly and adequately represented the interests of the Settlement Class?

**Plaintiffs' Answer: Yes**

3.     Should the Court finally appoint David S. Almeida of Almeida Law Group LLC and Nicholas A. Coulson of Coulson P.C as Settlement Class Counsel, finding that they have fairly and adequately represented the interests of the Settlement Class?

**Plaintiffs' Answer: Yes**

4.     Should the Court find that the Notice Plan satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B)?

**Plaintiffs' Answer: Yes**

5.     Should the Court find that the proposed class action settlement is fair, reasonable, adequate and, accordingly, grant final approval of it pursuant to Fed. R. Civ. P. 23(e)(2)?

**Plaintiffs' Answer: Yes**

## **CONTROLLING AND MOST APPROPRIATE AUTHORITIES**

- Fed. R. Civ. P. 23

- *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007)

- *Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983)

- *Garner Properties & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614 (E.D. Mich. 2020)

- *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003)

  *In re Wright & Filippis, LLC Data Sec. Breach Litig.*, 2024 WL 3083436 (E.D. Mich. June 20, 2024)

- Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (2010)

## I.     INTRODUCTION

This case arises from allegations that Defendant Workit Health Inc. ("Workit" or "Defendant") implemented and used certain third-party website tracking technologies—including the Meta Pixel and Google Analytics—that resulted in the unlawful disclosure of personal or health-related information to certain third-party digital media platforms such as Facebook and Google. Following an investigation by Plaintiffs' experienced counsel, informal discovery between the Parties, and a full-day in-person mediation on March 21, 2024 (before a neutral mediator, Bruce Friedman (JAMS)), the Parties reached an arms' length agreement to fully and finally resolve this case subject to Court approval on a class-wide, non-reversionary common fund basis.

On September 7, 2024, this Court preliminarily approved a $578,680.00 non-reversionary common fund Settlement[1] between Plaintiffs Jane Doe 1 and Jane Doe 2 ("Plaintiffs"), individually and on behalf of all others similarly situated, and Defendant. *See* ECF No. 14 ("Preliminary Approval Order" or "PAO"). The Court-approved settlement administrator, EisnerAmper, has implemented the notice plan and direct notice has reached approximately 90.55% of the Settlement Class.

---

[1] The Settlement Agreement and its exhibits are included as **Exhibit 1** to the Joint Counsel Declaration in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, which is **Exhibit A** to the Brief in Support ("Counsel Decl.").

**Exhibit B**, Declaration of Elena MacFarland Regarding the Status of Settlement Notice Program and in Support of Plaintiffs' Motion for Final Approval, ¶ 16 ("Admin Decl."). The reaction from the Settlement Class has been overwhelmingly positive, which is unsurprising given the strengths of the Settlement. Specifically, of the 110,440 Settlement Class Members who received direct notice, none have submitted an objection or requested exclusion. *Id.* ¶¶ 16-20.

Should the Court grant final approval, those Settlement Class Members who submitted claims will all receive valuable benefits, in the form of a *pro rata* cash payment from the Net Settlement Fund. Assuming that attorneys' fees, costs and expenses, and incentive awards are approved as requested in Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Costs and Expenses, and Incentive Awards (ECF No. 16), factoring in the costs of notice and settlement administration, and the number of valid claims as of January 8, 2025, the *pro rata* payment is estimated to be $43.00.00. *Id.* ¶ 18. The Settlement is an excellent result for the Class, and the Court should grant final approval.

## II. SUMMARY OF PLAINTIFFS' CLAIMS.

Defendant is a telehealth provider of addiction treatment, which virtually advertises and offers services to treat substance use disorders and certain mental health conditions, like anxiety and depression. Plaintiffs and the proposed Settlement Class Members are individuals who accessed and used Defendant's Website and

Applications to receive remote medical, telehealth services. Plaintiffs' Complaint alleged that Defendant unlawfully disclosed Plaintiffs' confidential and personally identifiable information ("PII") and protected health information ("PHI") to third parties including, but not limited to Meta Platforms, Inc. d/b/a Facebook, without Plaintiffs' knowledge or consent. ECF No. 1, ¶ 1. Plaintiffs further alleged that their PHI and PII would allow these third-party providers of web tracking technologies to know that a specific patient was seeking confidential medical care and the type of medical care being sought, as well as what specific type of condition they were being treated for. *Id.* ¶ 29. Defendant denies these allegations.

## III.   SUMMARY OF LITIGATION

Following an extensive pre-suit investigation conducted by Plaintiffs' Counsel, Plaintiffs filed their Complaint on July 14, 2023. ECF No. 1. Plaintiffs' Complaint alleged ten causes of action: (i) Invasion of Privacy – Intrusion Upon Seclusion and Private Affairs; (ii) Invasion of Privacy – Public Disclosure of Embarrassing Private Facts; (iii) Unjust Enrichment; (iv) Breach of Implied Contract; (v) Negligence; (vi) Unauthorized Disclosure of Privileged Communications; (vii) Violations of the Michigan Consumer Protection Act (MCPA); (viii) Violations of Electronic Communications Privacy Act – Unauthorized Interception, Use, and Disclosure; (ix) Violations of the California

3

Invasion of Privacy Act (CIPA); and (x) Violations of the California Confidentiality of Medical Information Act (CMIA). *Id.*

Despite Defendant's denial of Plaintiffs' claims of wrongdoing, the Parties agreed to engage in good faith settlement discussions. Accordingly, after Defendant filed a Motion to Compel Arbitration, ECF No. 7, the Parties submitted a stipulation to stay the case pending mediation on March 21, 2024, which was granted on March 23, 2024, ECF No. 8. The Parties participated in a full-day mediation session with respected and experienced mediator Bruce Freidman (JAMS). Ex. 1, Settlement Agreement, pg. 2, ¶5. As a result of this mediation, the Parties agreed to settle the claims asserted in the Complaint on the terms and conditions set forth herein, subject to the Court's review and approval.

On September 6, 2024, Plaintiffs moved for preliminary approval of the class action settlement. ECF No. 12. The Court issued preliminary approval of the Settlement on September 7, 2024. ECF No. 14. Notice has been given to the Settlement Class pursuant to the Court's Order and Plaintiffs now seek final approval of the Settlement.

## IV.   THE SETTLEMENT TERMS

**Class Definition.** The Settlement will provide substantial relief for the Settlement Class, defined as follows:

> [A]ll persons in the United States who used Defendant's Website or Application (both web-based and mobile) to search for medical information, services or physicians, fill out forms, schedule appointments, sign-up for

4

membership, register for programs or support groups, or pay for medical services between June 1, 2017 and November 23, 2022.

Ex. 1, Settlement Agreement, pg. 8, § ll. The Settlement Class consists of 121,972 individuals. Counsel Decl. ¶ 17.

**Settlement Fund.** Workit has agreed to create a non-reversionary Settlement Fund in the amount of $578,680.00, which will be distributed *pro rata* to Settlement Class Members, after the payments of the costs of Administrative Expenses, any Service Awards and Fee Awards and Costs. Ex. 1, Settlement Agreement, pg. 8, § nm.

**Release.** The proposed settlement includes a full release and discharge by Plaintiffs and the Class of any and all claims that were, or could have been, asserted in this case or that relate to, concern or arise out of Defendant's use of third-party tracking technologies, including the Meta Pixel and Google Analytics, that may have led to any Third-Party Disclosure. *Id.* pgs. 29-31, ¶¶ 78-86. The Release binds all Class Members who do not opt out of the settlement from suing Defendant relating to the allegations made in the Class Action. *Id.* pg. 21, ¶ 61.

**Notice and Administration Expenses.** The cost of sending Notice, and other Administration expenses, has been and will be paid from the Settlement Fund.

**Service Awards and Fee Award.** Further to the Settlement Agreement, Plaintiffs filed a Motion for Award of Attorneys' Fees, Reimbursement of Costs and Expenses, and Incentive Awards seeking a $2,500 Service Award for each Plaintiff, as

5

appropriate compensation for their time, effort, and leadership serving as Class Representatives on behalf of the Settlement Class, from the Settlement Fund. *See* ECF No. 16; *see also* Ex. 1, Settlement Agreement, pg. 22, ¶ 63. Defendant filed a Response to Plaintiffs' Motion stating no opposition to the relief requested by Plaintiffs. *See* ECF No. 17.

## V.     THE NOTICE PLAN COMPORTS WITH DUE PROCCESS

Due Process and Rule 23 require that the notice provided to the Settlement Class is "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Notice "need only be reasonably calculated. . . to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections." *UAW v. Gen. Motors Corp.*, 2006 WL 891151, at *33 (E.D. Mich. Mar. 31, 2006) (citation omitted). Notice must clearly state essential information regarding the settlement, including the nature of the action, terms of the settlement, and class members' options. *See* Fed. R. Civ. P. 23(c)(2)(B); *Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283, 292 (W.D. Ky. 2014). At its core, "[a]ll that the notice must do is fairly apprise the prospective members of the class of the terms of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interest." *Int'l Union,*

*United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 630 (6th Cir. 2007) (cleaned up) ("*UAW v. Gen. Motors Corp.*").

Due Process does not require that every class member receive notice and a notice plan is reasonable if it reaches at least 70% of the class. *See, e.g.*, *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008); Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide 3 (2010); *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, 2009 WL 5184352, at *12 (W.D. Ky. Dec. 22, 2009) (finding notice plan to be "the best notice practicable" where combination of mail and publication notice reached 81.8% of the class). Here, the notice plan readily satisfies this standard as it provided direct notice to 90.55% of the Settlement Class. Admin Decl. ¶ 16.

This Court approved the proposed notice plan, finding it met the requirements of Rule 23 and Due Process. ECF No. 14. The notice plan has now been fully implemented by Claims Administrator EisnerAmper. Pursuant to the Settlement, between September 24 and 26, 2024, Workit provided EisnerAmper with a Settlement Class List with 122,178 records for identified Settlement Class Members, including names and email addresses for any and all Settlement Class Members that it had in its possession, custody, or control. Admin Decl. ¶ 8. After consolidating and deduplicating the data, EisnerAmper determined that a total of 121,972 unique records exist in the class data. *Id.*

Beginning on October 22, 2024, EisnerAmper sent e-mail notice to the 117,914 email addresses for Settlement Class Members that passed the hygiene and verification process. *Id.* ¶ 10. On November 22, 2024, EisnerAmper sent a second round of Email Notice to be sent to the 116,024 Settlement Class Members who had not yet submitted a claim as of the date of the Notice, and that passed the hygiene and verification processes. *Id.* In total, the Email Notice was successfully delivered to 110,440 email addresses. *Id.*[2]

The Notice clearly and concisely summarized this Litigation, the Settlement, and the legal rights of Settlement Class Members. The Notice also directed Settlement Class Members to the Settlement Website, available at https://www.whprivacysettlement.com/, where they could submit a claim, access important court filings (including the Long Form Notice, Claim Form, the Settlement Agreement, the Court's Preliminary Approval Order, and the Complaint), and review updated deadlines and answers to frequently asked questions. *Id.* ¶¶ 10-11.

As of January 8, 2025, there have been 12,722 unique visitor sessions to the Settlement Website. *Id.* ¶ 12. EisnerAmper also provided a phone number which allows callers to hear an introductory message, learn more about the Settlement, and speak to a live operator during regular business hours or leave a message for a return call. *Id.* ¶ 14.

---

[2] EisnerAmper notified the appropriate state and federal officials pursuant to 28 U.S.C. § 1715(b) ("CAFA"). *Id.* ¶ 6.

As a result of this comprehensive notice program, as of the claim submission deadline on December 23, 2024, EisnerAmper received 6,980 claim submissions, of which 6,672 claims have been determined to be valid. *Id.* ¶ 17. Settlement Class Members also had until December 23, 2024 to opt-out of or object to the Settlement. *Id.* ¶¶ 19-20. Out of approximately 121,972 Settlement Class Members no class members requested exclusion and none objected to the Settlement. *Id.*

Given the broad reach of the Notice, and the comprehensive information provided, the requirements of Due Process and Rule 23 are satisfied.

## VI.   THE SETTLEMENT CLASS MEETS THE REQUIREMENTS OF RULE 23 AND SHOULD BE CERTIFIED.

### A. Rule 23(a) Requirements Are Met for Settlement Purposes.

***Numerosity & Ascertainability.*** The first prerequisite is that the "class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "In most cases, a class in excess of forty members will do." *Curry v. SBC Commc'ns, Inc.*, 250 F.R.D 301, 310 (E.D. Mich. 2008). The Settlement Class includes 121,972 individuals, satisfying the numerosity requirement for purposes of settlement. The Class is also ascertainable, as Defendant knows the identity of each Settlement Class Member. *See, e.g., Kinder v. Nw. Bank*, 278 F.R.D. 176, 182 (W.D. Mich. 2011) (class must be "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member") (citation omitted).

*Commonality.* Rule 23(a)(2) is satisfied when questions of law or fact are common to the class, the resolution of which will bring a class-wide resolution. Fed. R. Civ. P. 23(a)(2). Commonality exists when the claims all "depend upon a common contention," with a single common question sufficing. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The common contention must be capable of class-wide resolution and the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

Here, Plaintiffs' claims turn on the common alleged course of conduct of Defendant's implementation and use of third party tracking technologies and related unauthorized sharing of Plaintiffs' PHI and PII. The following are just some of the common questions in the case:

- Whether Defendant owed a duty to Plaintiffs and members of the Class to adequately protect their PHI and PII and to provide timely and accurate notice of its use of third-party tracking technologies to Plaintiffs and the Class, and whether it breached these duties;

- Whether Defendant violated federal and state laws thereby breaching its duties to Plaintiffs and the Class as a result of its use of third-party tracking technologies;

- Whether Defendant knew or should have known that its use of the Pixel transmitted PHI and PII to third parties without consent;

- Whether Defendant's conduct caused the unauthorized disclosure of Plaintiffs' and Class Members' PHI and PII; and

- Whether Defendant failed to inform Plaintiffs and the Class of the third-party tracking technologies in a timely and accurate manner.

10

Evidence to resolve those claims does not vary among each Settlement Class Member and so can be fairly resolved, for purposes of settlement, for the entire Settlement Class. And the injuries caused to Settlement Class Members are identical. For these reasons, the commonality prerequisite is satisfied.

*Typicality.* A class representative's claims must be typical of those of other class members. Fed. R. Civ. P. 23(a)(3). Plaintiffs satisfy the typicality requirement where their "claim arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Beattie v. CenturyTel, Inc*., 511 F.3d 554, 561 (6th Cir. 2007). Typicality assesses "whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998). The claims need not be identical; rather, they need only "arise from the same course of conduct." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997). The "court must inquire whether the interests of the named plaintiff are aligned with those of the represented group, such that in pursuing his own claims, the named plaintiff will also advance the interests of the class members.'" *Garner Properties & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 623 (E.D. Mich. 2020).

Here, Plaintiffs' claims, and those of the Settlement Class Members, entail the same type of alleged damages for the same type of injury caused by an alleged singular

course of conduct by Defendant, namely the alleged implementation and usage of third-party tracking technologies to collect and disclose their PII and PHI to third parties. Plaintiffs' claims rest on the exact same legal theories as those of the Settlement Class. Thus, Plaintiffs' pursuit of their own claims necessarily advances the interests of the Settlement Class, satisfying the typicality requirement.

*Adequacy.* Class representatives must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). "Class representatives are adequate when it appears that they will vigorously prosecute the interest of the class through qualified counsel … which usually will be the case if the representatives are part of the class and possess the same interest and suffer the same injury as the class members." *UAW*, 497 F.3d at 626.

The preliminarily-approved Class Representatives here have no conflict, have participated actively, and are represented by attorneys experienced in class actions, including data privacy and tracking-technology cases. *See* Joint Decl. ¶¶ 13-19 & 33. Plaintiffs' Counsel regularly engage in consumer privacy cases, have the resources necessary to prosecute this case, and have frequently been appointed lead class counsel in data privacy cases and other class actions. *Id.* ¶ 25-28 & 34-36; *see also* Counsel Decl., Exs. 2 & 3 (law firm resumes for Plaintiffs' Counsel). Plaintiffs' Counsel have devoted substantial resources to this action: investigating Plaintiffs' claims; analyzing the scope of Workit's implementation and use of tracking technologies; participating in mediation; and, ultimately, negotiating a Settlement that provides meaningful relief and

12

protection for the Settlement Class in the face of substantial litigation risks. *Id.* ¶ 8 & 14-19. Plaintiffs' Counsel have vigorously prosecuted this case and will continue to work diligently on behalf of the Settlement Class.

### B. Rule 23(b) Requirements Are Met for Purposes of Settlement.

After satisfying Rule 23(a), Plaintiffs must also satisfy one of the three requirements of Rule 23(b) for a court to certify a class. Fed. R. Civ. P. 23(b); *see also Hall v. Oakland Cnty.*, 2024 WL 209702, at *6 (E.D. Mich. Jan. 19, 2024). Plaintiffs seek certification under Rule 23(b)(3), which requires (i) that common questions of law and fact predominate over individualized ones and (ii) that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). Plaintiffs "must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof." *Beattie*, 511 F.3d at 564. This requirement considers "the difficulties likely to be encountered in the management of a class action" and issues with individual litigation. *Id.*; *see also Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action[.]").

The proposed Class satisfies this standard.

### 1. Common Questions of Law and Fact Predominate.

Predominance focuses on whether the defendant's alleged liability is common enough to warrant class-wide adjudication. *Amchem*, 521 U.S. at 623. The proposed class must be "sufficiently cohesive to warrant adjudication by representation." *Id.* Though similar to the commonality requirement of Rule 23(a), Rule 23(b)(3) "contains the more stringent requirement that common issues predominate over individual issues." *Machesney v. Lar-Bev of Howell, Inc.*, 317 F.R.D. 47, 61 (E.D. Mich. 2016). Predominance is met if a single factual or legal question is "at the heart of the litigation." *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007).

Workit's alleged course of conduct was uniform across the Settlement Class, so the claims "will prevail or fail in unison." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 859 (6th Cir. 2013). The numerous questions common to the Class, including those listed above (*see supra* § VI (A)(discussing commonality)), demonstrate commonality under Rule 23(a)(2) and predominate over any individual issues. The key elements of Plaintiffs' claims–the alleged existence of third-party tracking technologies on Defendant's Website and related unauthorized sharing of Plaintiffs' PHI and PII to third parties, Defendant's knowledge of those unauthorized disclosures, and the existence and proper measure of resultant damages—are common issues that predominate for the entire Settlement Class.

### 2.   A Class Action Is the Superior Method of Adjudication.

Certification of this suit as a class action is superior to other methods to fairly, adequately, and efficiently resolve the claims here. "The superiority requirement of Rule 23(b)(3) is met if the class action is a better way than individual litigation to adjudicate a claim." *Calloway v. Caraco Pharm. Lab'ys., Ltd.*, 287 F.R.D. 402, 407- 08 (E.D. Mich. 2012). Such is especially true in situations which "vindicat[e] the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Amchem*, 521 U.S. at 617. Adjudicating individual actions here is impracticable given the amount in dispute per person, the complexity of the issues, and the costs of discovery and technical data privacy and source code experts. Individual damages are insufficient to allow such actions—at least not with the aid of adequate counsel. Such prosecution would delay resolution, and may lead to inconsistent rulings.[3] Thus, the Court should certify the Settlement Class pursuant to Rule 23(b)(3). Workit does not oppose class certification for settlement purposes only.

## VII.   THE SETTLEMENT SHOULD BE FINALLY APPROVED.

The Federal Rules of Civil Procedure require judicial approval of class action settlements. *Halliday v. Weltman, Weinber & Reis Co., L.P.A.*, 2013 WL 692856, at *1

---

[3] The Court need not consider trial manageability. *Amchem*, 521 U.S. at 620 (explaining that "with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems").

15

(E.D. Mich. Feb. 26, 2013) (citing Fed. R. Civ. P. 23(e)). At final approval, the ultimate issue is whether the settlement is fair, reasonable, and adequate. *See, e.g.*, Fed. R. Civ. P. 23(e)(2); *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983). Courts in the Sixth Circuit recognize a strong "federal policy favoring settlement of class actions." *UAW*, 497 F.3d at 632 (citation omitted); *see also Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 830 (E.D. Mich. 2008). Rule 23(e)(2) provides factors for the Court to determine if a settlement is "fair, reasonable, and adequate." The Rule 23(e)(2) factors are: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed attorney's fee, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(2); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

In addition to these factors, the Sixth Circuit has laid out its own factors: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *UAW*, 497 F.3d at 631.

As described below, each factor affirms the fairness, reasonableness, and adequacy of the Settlement, and supports granting final approval.

### A. Rule 23(e)(2) Factors Weigh in Favor of Final Approval.

The Settlement readily satisfies the Rule 23(e)(2) factors. First, as explained, Plaintiffs and Class Counsel have adequately represented the Class and secured an excellent result. *See supra* §§ I & III. Second, the Settlement was negotiated at arm's-length with the assistance of mediation with a highly qualified mediator, Bruce Freidman, taking place after the Parties had exchanged information sufficient to adequately assess the strengths and weaknesses of the case. *Id*. Third, the relief provided is adequate when taking into account the factors listed in Rule 23. The Settlement provides a substantial recovery for the Settlement Class and does so without additional delay and the uncertainty of litigation. *Id.* §§ III & IV. Fourth, all Settlement Class Members are treated equally. Each Settlement Class Member could submit a claim to receive a *pro rata* cash payment from the Net Settlement Fund. *Id.* § IV. Accordingly, all Settlement Class Members are treated equitably and have the same opportunity to participate in the Settlement.

### B. The Sixth Circuit's *UAW* Factors Weigh in Favor of Final Approval.

#### 1. There Is No Risk of Fraud or Collusion.

The first factor is "the risk of fraud or collusion." *UAW*, 497 F.3d at 631. "Courts presume the absence of fraud or collusion in class action settlements unless there is

evidence to the contrary." *Leonhardt*, 581 F. Supp. 2d at 838. Where, as here, a settlement was reached through arm's-length negotiations through an experienced mediator, there is no evidence of fraud or collusion. *See, e.g.*, *Sheick v. Auto. Component Carrier, LLC*, 2010 WL 3070130, at *13 (E.D. Mich. Aug. 2, 2010) (finding that "negotiations of the Settlement Agreement were conducted at arm's-length by adversarial parties and experienced counsel, which itself is indicative of fairness, reasonableness, and adequacy."). Here, the Settlement was obtained following a mediation that was conducted at arm's-length after informal discovery was exchanged. Counsel Decl. ¶¶ 18-19 & 30. This factor strongly supports approval.

### 2.  Litigation Through Trial Would be Complex, Costly, and Long.

The second factor is "the complexity, expense and likely duration of the litigation." *UAW*, 497 F.3d at 631. Most class actions are inherently risky, and thus "[t]he obvious costs and uncertainty of such lengthy and complex litigation weigh in favor of settlement." *UAW*, 2006 WL 891151 at *17. This case is no exception.

As discussed above, the Parties have engaged in informal discovery and private mediation. Counsel Decl. ¶¶ 13-19. The next steps in the litigation would have included a contested motion to compel arbitration and motion to dismiss, followed by a lengthy discovery period with technical experts and a contested motion for class certification, and contested motions for summary judgment, which would be at a minimum costly and time-consuming for the Parties and the Court. *Id.* ¶ 27. Undoubtedly, further litigation

would implicate various numerous risks including, but not limited to, the risk that the litigation class could not be certified or that the Settlement Class would not recover anything at all. *Id.* ¶¶ 27-30. Workit has indicated that it would continue to assert numerous defenses on the merits. *Id.* ¶ 27. Plaintiffs' Counsel also believe that Workit would oppose class certification vigorously and prepare a competent defense at trial. *Id.* ¶¶ 27-28. Looking beyond trial, Workit could appeal the merits of any adverse decision, including class certification under Rule 23(f). *Id.* ¶ 29.

The Settlement, on the other hand, permits a prompt resolution of this Litigation on terms that are fair, reasonable, and adequate to the Settlement Class. This result has been accomplished years earlier than if the case proceeded to judgment through trial and/or appeal(s), and provides certainty whereas continued litigation does not and could result in defeat for the Settlement Class on a motion to dismiss, class certification, summary judgment, trial, or appeal. Consequently, this *UAW* factor weighs in favor of final approval of the Settlement.

### 3. Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly.

The third factor is "the amount of discovery engaged in by the parties." *UAW*, 497 F.3d at 631. Here, the Parties engaged in significant pre-mediation discovery, exchanging materials that would have contained the same information produced in formal discovery related to issues of class certification and summary judgment, and thus, the Parties had sufficient information to assess the strengths and weaknesses of the

claims and defenses. Counsel Decl. ¶¶ 16-18. Class Counsel's experiences in similar matters, as well as the efforts made by counsel on both sides, confirm that they are sufficiently apprised of the facts related to this Litigation and their respective cases to make an intelligent analysis of the Settlement. *Id.* ¶¶ 26 & 35-37.

### 4. Plaintiffs Face Real Risks if the Case Proceeds.

The fourth factor is "the likelihood of success on the merits." *UAW*, 497 F.3d at 631. As noted, absent settlement, Workit would file and vigorously argue its motion to compel arbitration, a motion to dismiss, contest class certification, and move for summary judgment if the Litigation were to continue. And there would be a risk of maintaining any class status through trial. At the time of Settlement, the Parties anticipated that conclusion of the foregoing issues would only come after lengthy discovery and exhaustive briefing—likely years down the line. Counsel Decl. ¶¶ 27-29.

Even if the Court did certify a Rule 23 class, Workit would likely challenge certification through a Rule 23(f) application and subsequently move to decertify, forcing additional rounds of briefing. *Id.* Risk, expense, and delay permeate such a process. In Class Counsel's experience, these additional steps in litigation can take years to resolve. *Id.* The proposed Settlement eliminates this risk, expense, and delay and awards Settlement Class Members payment promptly. This factor favors final approval.

**5. Class Counsel and Class Representatives Support the Settlement.**

The fifth factor is "the opinions of class counsel and class representatives." *UAW*, 497 F.3d at 631. "The endorsement of the parties' counsel is entitled to significant weight, and supports the fairness of the class settlement." *UAW of Am. v. Ford Motor Co.*, 2008 WL 4104329, at *26 (E.D. Mich. Aug. 29, 2008). Here, Plaintiffs' Counsel and Plaintiffs support the Settlement. *See* Counsel Decl. ¶¶ 33 & 40. They do so because this Settlement is an excellent result for Settlement Class Members in light of defenses likely to be raised by Workit. This *UAW* factor therefore also favors final approval.

**6. The Reaction of Absent Class Members Is Uniformly Positive.**

The sixth factor is "the reaction of absent class members." *UAW*, 497 F.3d at 631. In most class settlements, a small number of opt-outs and objections "are to be expected" and do not impact a settlement's fairness. *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 527 (E.D. Mich. 2003); *see also Olden v. Gardner*, 294 F. App'x 210, 217 (6th Cir. 2008) (inferring that most "class members had no qualms" with settlement where 79 out of 11,000 class members objected).

But here, no Settlement Class Members have requested exclusion nor filed an objection. Admin Decl. ¶¶ 19-20. This *UAW* factor therefore plainly weighs in favor of final approval. *See, e.g.*, *Hanlon v. Chrysler*, 150 F.3d 1011, 1027 (9th Cir. 1998) ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its

21

fairness."); *Massiah v. MetroPlus Health Plan, Inc.*, 2012 WL 5874655, at *4 (E.D.N.Y. Nov. 20, 2012) ("The fact that the vast majority of class members neither objected nor opted out is a strong indication of fairness.").

It is also noteworthy that none of the attorneys general or other governmental officials who received notification of the settlement pursuant to CAFA have filed objections. *See George v. Acad. Mortg. Corp.*, 369 F. Supp. 3d 1356, 1373 (N.D. Ga. 2019) ("Not one CAFA notice recipient objected to the settlement, which also weighs in favor of its approval here.") (citation omitted). The Settlement should be approved.

### 7. The Settlement Serves the Public Interest.

The final factor is the "public interest." *UAW*, 497 F.3d at 631. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *In re Cardizem*, 218 F.R.D. at 530. Further, when individual class members seek a relatively small number of statutory damages, "economic reality dictates that [their] suit proceed as a class action or not at all." *Eisen*, 417 U.S. at 161. Society undoubtedly has a strong interest in incentivizing attorneys to bring complex litigation that is necessary to protect the privacy of individuals' most personal information. In fact, class action litigation in this area is the most realistic means of obtaining recovery on behalf of the entire Class. This factor therefore supports final approval.

22

## VIII.  CLASS COUNSEL SHOULD RECEIVE FINAL APPOINTMENT.

Under Rule 23, "a court that certifies a class must appoint class counsel . . . [who] must fairly and adequately represent the interest of the class." Fed. R. Civ. P. 23(g)(1)(B). In making this determination, courts generally consider the following factors: (i) proposed class counsel's work in identifying or investigating potential claims; (ii) proposed counsel's experience in handling class actions or other complex litigation, and the types of claims asserted in the case; (iii) proposed class counsel's knowledge of the applicable law; and (iv) proposed counsel's resources committed to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv); *see also* 4 Newberg and Rubenstein on Class Actions § 13:48 (6th ed.).

As affirmed in this Court's Preliminary Approval Order, David S. Almeida of Almeida Law Group LLC and Nicholas A. Coulson of Coulson P.C. have extensive experience in prosecuting data privacy and tracking-technology cases as well as other complex class actions. Counsel Decl. ¶ 26, 35 & 40; *see also* ECF No. 14, ¶ 2. Class Counsel has diligently investigated and prosecuted this case by dedicating substantial resources to it and successfully negotiating this Settlement. *Id*. Thus, the Court should finally appoint David S. Almeida of Almeida Law Group LLC and Nicholas A. Coulson of Coulson P.C. as Class Counsel.

## IX.  CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Unopposed Motion for Final Approval of Class Action Settlement and enter Final Judgment in the form submitted herewith.[4]

Dated: January 9, 2025                     Respectfully Submitted,

*/s/ David S. Almeida*
David S. Almeida
**ALMEIDA LAW GROUP LLC**
894 W. Webster Avenue
Chicago, Illinois 60614
T: (708) 529-5418
david@almeidalawgroup.com

**COULSON P.C.**
Nicholas A. Coulson
300 River Place Drive
Detroit, MI 48207
T: (313) 644-2685
nick@coulsonpc.com

*Attorneys for Plaintiffs & the Class*

---

[4] Attached hereto are copies of the proposed Final Approval Order (**Exhibit C**) and the proposed Final Judgment (**Exhibit D**).

24

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2025, I served a copy of the foregoing upon all counsel of record via the Court's CM/ECF system, which will send notifications of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

*/s/ David S. Almeida*
David S. Almeida