## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

JANE DOE 1 and JANE DOE 2, *on behalf of themselves and all others similarly situated*,

        Plaintiffs,

    v.

WORKIT HEALTH, INC.,

        Defendant.

Case No.: 23-CV-11691

Hon. Linda V. Parker

Magistrate Judge David R. Grand

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL (ECF No. 18), GRANTING PLAINTIFFS' MOTION FOR ATTORNEY FEES AND SERVICE AWARD (ECF No. 16), AND APPROVING SETTLEMENT

This matter is before the Court on Plaintiffs' motions for final approval of class action settlement and attorney fees. (ECF Nos. 16, 18.)  On September 7, 2024, the Court preliminarily approved the proposed Settlement pursuant to the terms of the Parties' Settlement Agreement, and directed that Notice be given to the Settlement Class. (ECF No. 14.)

The Court has heard the presentation of Settlement Class Counsel and counsel for Defendant Workit Health, Inc. ("Workit") and reviewed all of the submissions presented with respect to the proposed Settlement.  The Court has determined that the Settlement is fair, reasonable, and adequate.  The Court has

also considered the application for attorney's fees, expenses, and costs made by Settlement Class Counsel and the application for Service Awards to the named Plaintiffs and finds these requests appropriate under applicable law. Consequently, the Court **GRANTS** Plaintiffs' motion for attorney fees (ECF No. 16) and **GRANTS** Plaintiffs' motion for final approval of class action settlement. (ECF No. 18.)

## I.      BACKGROUND

Pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to object or opt-out, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, *inter alia*: (i) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement and (ii) whether the Final Approval Order and Judgment should be entered dismissing this Litigation with prejudice. Direct notice reached approximately 90.55% of the Settlement Class.

Settlement Class Members were notified of their right to appear at the Final Approval Hearing held on February 6, 2025, either in support of or in opposition to the proposed Settlement, the award of attorney's fees, costs, and expenses to Class

Counsel, and requested Service Awards to the representative Plaintiffs. (*See* ECF No. 18-2.) No Settlement Class Member appeared at the Final Approval Hearing and no objections to the settlement were submitted.  There have been no opt outs from the 110,440 Settlement Class Members who received direct notice. (ECF No. 18, PageID.490; *see also* ECF No. 18-2.)  Settlement Class Counsel and the named Plaintiffs support the settlement.

Settlement Class Counsel has filed a separate motion for attorneys' fees and service award. Counsel seeks (1) attorneys' fees to Class Counsel in the amount of $192,893.33 (one third of the settlement fund); (2)  reimbursement of costs and expenses to Class Counsel in the amount of $12,349.50; and (3) incentive awards for each Plaintiff in the amount of $2,500, all to be paid from the Settlement Funds pursuant to the Settlement Agreement.  (ECF No. 16, PageID.431.)

## II.    ANALYSIS

This Final Approval Order hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.  For purposes only of the settlement of the Released Claims as to the Released Parties set forth in the Parties' Class Action Settlement Agreement and Release (the "Settlement" or "Settlement Agreement"), the Court

hereby finally certifies the Settlement Class, as defined in the Court's September 7, 2024 Preliminary Approval Order.  (ECF No. 14.)

Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement. In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3). The Court hereby finds, in the specific context of this Settlement, that:

1. the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable, Fed. R. Civ. P. 23(a)(1);

2. common questions of law and fact exist with regard to the Settlement Class, Fed. R. Civ. P. 23(a)(2);

3. Plaintiffs' claims in this Litigation are typical of those of Settlement Class Members, Fed. R. Civ. P. 23(a)(3); and

4. Plaintiffs' interests do not conflict with, and are coextensive with, those of absent Settlement Class Members, all of whose claims arise from the identical factual predicate, and Plaintiffs and Class Counsel have adequately represented the interests of all Settlement Class Members, Fed. R. Civ. P. 23(a)(4).

The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Fed. R. Civ. P. 23(b)(3). This Court has personal jurisdiction over Plaintiffs, Defendant (in this Litigation only and for purposes of this Settlement), and all

Settlement Class Members and subject matter jurisdiction over the Litigation to approve the Settlement Agreement and all exhibits attached thereto under 28 U.S.C. § 1332(d)(2).

Pursuant to Federal Rule of Civil Procedure 23(e)(1), a district court, when approving a class action settlement, "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Additionally, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

The Court finds that the Class Notice, Settlement Website, and notice plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order:

1.   constituted the best practicable notice;

2.   constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Litigation, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Final Approval Hearing, of Plaintiffs Counsel's application for an award of attorneys' fee and expenses, and of Plaintiffs' application for a Service Award associated with the Litigation;

3.   provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; and

4.   met all applicable requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law.

The Settlement Class, which will be bound by this Final Approval Order, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.  There are no objections and no requests for exclusion (*i.e.*, opt-outs) to the Settlement.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement.  This Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Plaintiffs.

This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, that Class Counsel and Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement treats Settlement Class Members equitably relative to each other.

Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order.  The Court also retains

exclusive jurisdiction over the Settlement, the Settlement Agreement, enforcement of Court orders relating to the Settlement and the Settlement Agreement, and the administration and consummation of the Settlement.

In addition, without affecting the finality of this Final Approval Order, Plaintiffs, Workit, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the U.S. District Court for the Eastern District of Michigan for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order or the Settlement Agreement.  Any disputes involving Plaintiffs, Defendant, or Settlement Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court.

The Court hereby confirms the appointment of Nicholas A. Coulson and David S. Almeida as Class Counsel.  The Court hereby confirms the appointment of Plaintiffs Jane Doe 1 and Jane Doe 2 as representatives of the Settlement class. The Court hereby confirms the appointment of EisnerAmper as Settlement Administrator.  The Court hereby approves the Releasing Persons' release of their Released Class Claims as set forth in the Settlement Agreement and this Final Approval Order as of the Effective Date.

As of the Effective Date as defined in the Settlement Agreement, the release set forth in the Settlement Agreement shall be binding upon Plaintiffs, the Settlement Class, and the Releasing Persons' as to Workit and the Released

Persons. The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on and shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings against Workit involving Released Class Claims.

The Court permanently bars and enjoins Releasing Persons from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against Workit or any of the Released Persons based on the Released Class Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against Workit or any of the Released Persons based on the Released Class Claims; or (c) organizing Settlement Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against Workit or any of the Released Persons based on the Released Class Claims.

Neither the Settlement Agreement (nor its exhibits), whether or not it shall become final, nor any negotiations, documents exchanged among Class Counsel and Workit in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Workit or any Released Person; (b) the truth of any of the claims or allegations alleged in the Litigation; (c) the incurrence of any damage, loss, or injury by any person; or (d) the propriety of certification of a class other than solely for purposes of the Settlement. Further, the Settlement negotiations, including any documents exchanged among Class Counsel and Workit and any discussions associated with them, may not be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in this Litigation or in any other action or proceeding of any nature, by any person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Litigation) in which the Settlement Agreement is asserted as a defense.

The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settlement Class Members.

Any data or other information provided by Settlement Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Class Counsel, Workit's Counsel, and experts or consultants acting on behalf of the Settlement Class. In no event shall a Settlement Class Member's data or personal information be made publicly available, except as provided herein or upon Court Order for good cause shown. The Claim Form and Release referenced in the Settlement Agreement and Exhibit A thereto is approved as fair, reasonable, and adequate.

## III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' motion for final approval of class action settlement (ECF No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Settlement embodied in the Settlement Agreement is hereby **APPROVED** in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all its terms and provisions.

**IT IS FURTHER ORDERED** that Class Counsel's request for attorneys' fees and expenses and Plaintiffs' applications for Service Awards, which was not opposed by Defendant, is **GRANTED**.

Dated: March 6, 2025                                s/Linda V. Parker
                                                    United States District Court Judge